W. H. BOHART v. THE REPUBLIC INVESTMENT COMPANY.

1. NON-RESIDENT—*Action, Where.* An action for the recovery of money against a non-resident may be brought in any county in this state in which the defendant may be found or has property subject to the payment of his debts.

2. PETITION—*Unnecessary Allegation.* Where an action is brought against a non-resident of the state in the district court, which is a court of general jurisdiction, it is not necessary to allege in the petition that the defendant may be found in the county where the action is brought, or that he has property in the county where the action is brought.

3. WRITTEN CONTRACT — *Waiver of Condition.* Where a written contract is executed between a vendor and vendee for the sale of real estate, and there is a provision in the contract for the benefit of the vendor for forfeiture or annulment thereof for non-payment of the installments of purchase-money, or any one of them, the vendor is not compelled to exercise his right of forfeiture or annulment, but may waive that right, and recover upon the contract the purchase-money.

4. EVIDENCE *not in Record.* Where the evidence is not preserved in the record, this court cannot say that the trial court committed error in overruling a demurrer to the evidence offered by the plaintiff.

*Error from Reno District Court.*

THE opinion states the case.

*Davidson & Williams,* for plaintiff in error:

1. The court below erred in overruling the demurrer of defendant below on the grounds, first, that the court had no jurisdiction to hear and determine the cause; and, second, that plaintiff's petition failed to state a cause of action. Comp. Laws of 1885, ¶ 3848. When a court of general jurisdiction exercises statutory and extraordinary powers, it is governed by the same rules as courts of limited jurisdiction, which is that nothing shall be intended to be within the jurisdiction but that which is so expressly alleged. *Haywood v. Collins,* 60 Ill. 328; *Gray v. Steamboat Reveille,* 6 Wis. 59.

2. The contracts sued upon and made a part of the petition provide that, in case the second party does not comply with the terms of the contracts and meet the deferred payments therein mentioned, that the contracts are forfeited and become null and void, and second party forfeits all moneys paid. Under the terms of the contracts, the balance of the purchase-money cannot be recovered. This was evidently the construction put upon the contracts by both parties at the time of execution, and it is certainly the most equitable construction that can be put upon them now.

3. The court erred in not sustaining the demurrer of defendant below to the evidence offered by plaintiff, because the plaintiff nowhere in said evidence proved the existence of either of the jurisdictional facts mentioned in ¶ 3848, Comp. Laws

of 1885, which would give the court below jurisdiction; for whether it is necessary to plead them or not, it is certainly necessary to prove them.

*Whiteside & Gleason,* for defendant in error:

The case-made in this cause is incomplete in not containing the instructions of the court, nor a statement that it contains all the evidence and testimony offered.

This suit was brought on contracts for payment of money arising in the state of Kansas by a domestic corporation against a resident of Missouri. It was brought in Reno county, where said non-resident had lands, and the lands were taken in regular attachment proceedings at the commencement of the suit, in order that the amount of money claimed against said non-resident could be charged against said lands. It was brought under §§ 53 and 190 of the code. The suit was simply for the recovery of money. It is regular, as shown by case-made in every respect, and fully authorized by the code. It was brought in a court of general jurisdiction, and there is no prescription in the statute that it must be alleged in the petition in such a case that the defendant is a non-resident and has property or debts in the county where the suit is brought; but of course if there was a failure of the defendant to appear it would have been necessary to show service by publication and prove these facts, if the court did not take judicial notice by the attachment proceedings and affidavits of publication. No attack was made on the attachment, and the court rendered, in the usual and ordinary manner, on the verdict of the jury and the attachment proceedings, a personal judgment and judgment in attachment. The Illinois case cited by plaintiff in error is not for him, and the Wisconsin case is not applicable.

The citation of authority on our side is unnecessary, still we mention: *Railroad Company v. Akers,* 4 Kas. 470; *George v. Hatton,* 2 id. 333; 26 id. 102; 28 id. 364; 20 id. 660.

If it were necessary to prove at the trial the facts which plaintiff in error deems "jurisdictional," it will be presumed

that that was done, for the case-made does not purport to contain all the evidence.

The defendant in error had the right to sue on the promises made in the contracts for the payment of money as they fell due. A mere waiver of some rights conferred on second party by the contracts is not a rescission. *Barrett v. Dean*, 21 Iowa, 423; *Sigler v. Wick*, 45 id. 690; *Blood v. Enos*, 12 Vt. 625.

Yet even if we concede that the contracts gave Bohart an option not to pay for the lots involved in this action, still there can be no reversal. All the evidence is not before the court and none of the instructions. How can this court determine what facts of assent, ratification, estoppel, as well as of contract, not disclosed by the case-made, may or may not have supported the verdict of the jury? That would be purely a matter of speculation. The presumptions in the face of an incomplete record are all in favor of the verdict of the jury and the judgment of the court.

No tender of deed was necessary in this case, as the suit was simply for installments. *Battey v. Beebe*, 22 Kas. 81.

The opinion of the court. was delivered by

HORTON, C. J.: This was an action brought in the court below by the Republic Investment Company against W. H. Bohart, to recover $316.85, with interest, upon 12 written contracts for the sale of certain lots in Belleville, in Republic county, in this state. These contracts were executed and signed upon the 25th day of August, 1887, by the investment company and W. H. Bohart. Each contract provided that the purchase-money therein named was to be paid in installments. The investment company, upon the completion of all the payments, was to execute to Bohart, his heirs and assigns, a deed conveying the premises in fee-simple, with the ordinary covenants of warranty. Each contract further provided that, in case Bohart failed to make the payments punctually at the times stated, the contract as to the investment company would be utterly null and void. Bohart being a non-resident of the state, the investment company, on May 5, 1888, commenced

this action in the district court of Reno county, and attached property in that county belonging to Bohart. Subsequently he appeared and filed a demurrer to the petition, alleging that the court had no jurisdiction, and that the petition did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and then Bohart filed his answer, containing a general denial and alleging misrepresentation and fraud upon the part of the investment company. At the November term, 1888, judgment was rendered in favor of the investment company and against Bohart for the amount prayed for in the petition, together with interest and costs. Bohart excepted, and brings the case here.

Section 53 of the civil code reads:

"An action, other than one of those mentioned in the first three sections of this article, against a non-resident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose."

This action was upon a contract for the payment of money, and was brought in Reno county, where the defendant, a non-resident, had property. The court had jurisdiction of the subject-matter. The defendant appeared, the trial was had, and judgment rendered against him. The district court of Reno county is a court of general jurisdiction. The petition alleged that Bohart, the defendant, was a non-resident, and the proceedings show that his property in Reno county was attached. Where a court has general jurisdiction of the subject-matter of an action, it is not necessary to allege in the petition the facts showing the jurisdiction of the court; therefore the trial court committed no error in overruling the demurrer to the petition, and the defendant below has no just cause for complaint concerning the exercise of the jurisdiction of the trial court. He made a general appearance, and while he demurred to the jurisdiction of the court, he at the same time alleged

that the petition did not state facts sufficient to constitute a cause of action. (*Railroad Company v. Akers*, 4 Kas. 470; *Burdette v. Corgan*, 26 id. 102; *Pierce v. Myers*, 28 id. 364.)

The provision in the contracts making them null and void if Bohart made default in the payment of his installments, or any installment, was for the benefit of the investment company. The company could have insisted upon this provision, and had the contracts annulled. It also had the right or option to declare a forfeiture for the non-payment of the installments, or any installment; but it also could waive that right. (Johns. Ch. 369; *Railroad Co. v. Bickley*, 21 Kas. 275; *Land Co. v. Perry*, 25 id. 140.) A waiver of the right to declare a forfeiture for non-payment at a specified time is not a rescission of the contract. The investment company, as the vendor, is entitled to its money upon the contracts, and the vendee to the lots therein described. (*Barrett v. Dean*, 21 Iowa, 423; *Sigler v. Wick*, 45 id. 690; *Blood v. Enos*, 12 Vt. 625.)

The final alleged error is that the court improperly overruled the demurrer to the evidence. The evidence is not preserved in the record, and this question cannot be considered. If it were necessary at any time during the progress of the action to offer the attachment proceedings to establish that Bohart, the defendant, had property in Reno county subject to the payment of his debts, it will be assumed that this was done, to uphold the judgment, because the record is incomplete.

The judgment of the district court will be affirmed.

All the Justices concurring.