The Rock Island Lumber & Manufacturing Company v. The Fairmount Town Company.

1. **Allegations,** *When Taken as True.* In all civil actions, allegations of the execution of written instruments and of the existence of a corporation, or of any appointment or authority, are taken as true, unless a verified denial is filed. (Civil Code, § 108.)

2. ———— *Pleadings.* Every material allegation of the petition not controverted by the answer shall, for the purpose of the action, be taken as true. (Civil Code, § 128.)

3. **Cases,** *Followed.* The cases of *Bohart v. Investment Co.,* 49 Kas. 94, and *Chambers v. Anderson,* just decided, followed.

4. **Vendor and Vendee** — *Specific Performance.* A vendor of lands seeking the payment of the purchase money may maintain an action against the vendee for the specific performance of the written contract of sale, upon the principle of mutuality of remedy.

*Error from Sedgwick District Court.*

Action by the *Fairmount Town Company* against the *Rock Island Lumber & Manufacturing Company* for a specific performance of a contract for the sale of lots. Judgment for

plaintiff. The defendant brings the case to this court. The material facts are stated in the opinion.

*Sankey & Campbell,* for plaintiff in error:

The allegation of the petition is that the defendant is a corporation, and the signature of a corporation must be by some one of its officers or agents authorized to sign its name. The mere name of a corporation to an instrument is not the signature of a corporation. Gen. Stat. of 1889, ¶ 1198; *Heffner v. Brownell,* 31 N. W. Rep. 947; Mor. Corp., ¶ 337; *Koehler v. Black River F. I. Co.,* 67 U. S. 715.

The suit was on a written agreement which was made a part of the petition. The agreement shows no signature by any agent of a corporation. It has only the words "Rock Island Lumber Company" attached thereto, by no officer or agent of the company, and no seal or other identification to indicate by whom or by what authority the name "Rock Island Lumber Company" was attached to the agreement. Can the court, in the absence of any allegation other than that the defendant is a corporation and entered into an agreement with plaintiff, say that the petition states facts sufficient to constitute a cause of action against the Rock Island Lumber & Manufacturing. Company?

Does the petition state facts sufficient to constitute a cause of action against the defendant? What is this alleged agreement? Is it anything more than an option? What is this but a simple option to the lumber company, that if it will make certain payments within certain specified times, the town company will convey to it certain lots, and if it does not it forfeits whatever it has paid?

A party seeking specific performance must show a state of facts which makes such a degree equitable before it will be granted. *Fowler v. Marshall,* 29 Kas. 665. But if the agreement is more than an option, and was, in fact, a contract, at the time this suit was commenced, no cause of action existed thereon. The agreement was no longer an executory one, and there was nothing to base an action on, or anything remaining

for the court to enforce. It had been determined by the parties themselves. The town company had made prompt payment at the time specified in the agreement the essence of the contract, and had provided that, in case of failure to make the payments "punctually, and in accordance with the strict terms of this contract," it should "become utterly null and void." It is true, it stipulates that it shall become null and void so far as it binds the town company; but is it not true that, if the agreement becomes null and void as to either party, it is void as to both? How could it be void and in force at the same time? A void thing is nothing, and if a thing is once void no legal or equitable right can be predicated thereon. Neither can an action for specific performance be maintained against a corporation for the purchase of real estate until it is shown that the purchase was for the use and purposes of the corporation and within the scope of its business. *Laud v. Hoffman* 12 Am. Law Reg. (Mo.) 143; Mor. Corp., ¶¶ 681–683.

In this case, the contract was terminated, destroyed, annihilated, by the express agreement of the parties, and nothing is left for the court to enforce. It is competent for parties to provide for a forfeiture, and to make time the essential ingredient of the contract. *M. R. Ft. S. & G. Rld. Co. v. Brickley,* 21 Kas. 275. See, also, *M. K. & C. Rly. Co. v. Thompson,* 24 Kas. 170; *Kemp v. Humphreys,* 13 Ill. 573.

The contract, by act of the parties, was made void by failure to perform its conditions, and neither party can recover under it. *Bradford v. Limpus,* 10 Iowa, 35; *The State v. Emmert,* 19 Kas. 546; *Boeken v. Alderman,* 26 id. 738.

*J. V. Daugherty,* for defendant in error:

The questions as to whether or not the words "Rock Island Lumber Co." were used by the defendant as its signature, and as to whether or not the two names were intended to and did represent the same company, or the defendant, are purely questions of fact, not to be considered on demurrer to the petition. It is contended that the "mere name of the

corporation" to the contract sued on, without the names of its officers or authorized agents, is not the signature of the corporation, and Gen. Stat. of 1889, ¶ 1198, and other authorities, are cited in support of this proposition. The first authority cited, Gen. Stat. of 1889, ¶ 1198, has no application, since it provides how real estate shall be conveyed by corporations, and has no application to agreements to convey; besides, the agreement set forth in the contract sued on, so far as it relates to defendant, is an agreement to pay money; the plaintiff being the party bound to convey the real estate described therein, and the contract is executed by plaintiff by signing the corporate name, by its president, and the common seal is attached.   Mor. Corp., ¶ 337, and the case of *Koehler v. Black River F. I. Co.*, 67 U. S. 715, are not in point; while the case of *Heffner v. Brownell*, 31 N. W. Rep. 947, is an authority in support of the sufficiency of the corporate signature in the case at bar.

The defendant, having accepted the contract, and being in the possession and occupancy of the real estate, the consideration of the contract, is estopped to deny its authority. *Durham v. Coal & Mining Co.*, 22 Kas. 232; *Town Co. v. Morris*, 43 id. 282.

We submit that, since the defendant below could have maintained a suit for a specific performance of the contract, upon compliance with its conditions, the plaintiff below could also compel a specific performance; and this on the ground of mutuality of obligations and remedies.   Wat., Spec. Perf., p. 18, and cases cited; *Battey v. Beebe*, 22 Kas. 81; *Land Co. v. Perry*, 23 id. 140; *Railroad Co. v. Brickley*, 21 id. 275.

The provisions in the contract sued on, to the effect that it should be void in case the defendant below made default, mean that the contract should be voidable only at the election of the plaintiff below.   Wat., Spec. Perf., p. 694; 5 Cow. 270, 272.

The defendant cannot elect to forfeit the money paid and its interest in the property, and thus end the contract.   1 Pom.

Eq. Jur., § 446, and cases cited; 1 Gray, 414; 8 id. 555; 10 Mich. 29.

The authorities cited by plaintiff in error are not in point. The case of *M. K. & C. Rly. Co. v. Thompson*, 24 Kas. 170, cited by plaintiff in error, is not in point, for the reason that the court held that, by the terms of the contract in that case, time was made of the essence of the contract, and that the railway company had failed to comply with its conditions. The same can be said of the case of *Railroad Co. v. Brickley*, 21 Kas. 275. The case of *The State v. Emmert*, 19 Kas. 546, is controlled by a statute governing the sale of school land, which provides that in case of default in making payment of by the purchaser, he "shall forfeit all right to the land, from the time of said failure of payment," and it is made the duty of the county attorney to eject the purchaser from the land, if in possession.

The opinion of the court was delivered by

HORTON, C. J.: On January 15, 1887, the Fairmount Town Company agreed to sell to the Rock Island Lumber & Manufacturing Company six lots in Fairmount addition to the town of Iuka, in Pratt county, for a consideration of $1,250, of which $416.66 was paid on the execution of the agreement, and the remainder was to be paid in two equal installments, in 6 and 12 months respectively, with 10 per cent. interest per annum. The agreement was in writing, dated January 15, 1887, and was signed as follows: "Fairmount Town Company, by S. H. Mallory, president. Rock Island Lumber Company, party of the second part." It contained, among others, the following clauses:

"And in case the party of the second part shall fail to make the payments aforesaid punctually, and in accordance with the strict terms of this contract, and at the times specified and limited, and to erect or cause to be erected a building as above described and contracted, and perform and complete all the stipulations and agreements herein contained, literally and strictly, without failure or default, then this contract, as far

as it binds the party of the first part, shall be determined and become utterly null and void, and the party of the second part shall forfeit all payments made by him on this contract, and all rights and interests hereby created in favor of the second party shall entirely cease; and the right of possession, and all equitable and legal interests in the premises hereby created, together with all improvements made, shall revert and revest in said party of the first part, without any act of reëntry or other act to be performed by the party of the first part; the party of the second part forfeiting all rights to the above premises, or claims for improvements made, together with all moneys paid."

The lumber and manufacturing company failed to pay the last installment in the agreement, falling due on January 13, 1888, and on July 5, 1889, the Fairmount Town Company brought its action to obtain a decree of specific performance of the written contract, and for judgment against the lumber and manufacturing company for $416.66, with interest, being the unpaid balance due thereon. To this petition the defendant demurred, upon the following grounds:

"1. There is a defect of parties defendant.

"2. The petition does not state facts sufficient to constitute a cause of action.

"3. The petition shows no cause of action against the defendant.

"4. The court has no jurisdiction of the subject of the action."

The court sustained the demurrer as to the first ground, and overruled it as to the others. Thereupon the plaintiff amended its petition by interlineation, adding the following: "That the defendant executed the contract sued on in this action by signing thereto the Rock Island Lumber Company, and that the Rock Island Lumber Company and the Rock Island Lumber & Manufacturing Company are identical." The defendant excepted to the overruling of its demurrer (except as to the first ground), and also to permitting plaintiff to amend its petition, and, electing to stand upon its demurrer, judgment was, at the request of the plaintiff, rendered against the de-

fendant, and it brings the case to this court for review, alleging various errors in the rulings of the court.

The trial court had the right to permit the plaintiff below to amend its petition. The defendant, having refused to plead after such amendment, and after its demurrer upon the other grounds stated therein had been overruled, thereby admitted the facts set forth in the petition as amended to be true. (Civil Code, §§ 108, 128.) But it is claimed that the mere name of the "Rock Island Lumber Company," as party of the second part, was not the signing by the corporation, and that the corporation was not bound thereby. The petition alleged that the "Rock Island Lumber & Manufacturing Company" is "a corporation duly chartered, organized and existing under and by virtue of the laws of the state of Illinois, and, as such, doing business in the city of Wichita and other cities and towns in the state of Kansas, including the town of Iuka, Pratt county; that the "Rock Island Lumber Company" and the "Rock Island Lumber & Manufacturing Company" are identical, and that the "Rock Island Lumber & Manufacturing Company" signed the written agreement as the "Rock Island Lumber Company." Upon the allegations of the petition and the default made by the lumber and manufacturing company, judgment was properly rendered. (Civil Code, §§ 108, 128.) The face of the instrument shows that it had been executed by the "Rock Island Lumber Company," as party of the second part, and the petition alleged that the "Rock Island Lumber & Manufacturing Company" signed its name to the written agreement in that way. (*Heffner v. Brownell*, 31 N. W. Rep. [Iowa, 1887] 947.) If a sufficient answer had been filed, some of the questions attempted to be raised in the brief concerning the signature to the written contract by the "Rock Island Lumber & Manufacturing Company," and the business that the company was authorized to carry on, might have been presented. In the absence of any answer, however, these matters deserve no further reference.

It is next contended that the contract at the time this suit was commenced had "become utterly null and void," because the "Rock Island Lumber & Manufacturing Company" failed to pay its last installment. It is argued that, as the lumber and manufacturing company was in default, both parties were thereupon released from all obligations of the contract, and that no action could be maintained on it; therefore, that a suit for specific performance could not be enforced at the instance of the town company. The law is well settled. The stipulations in the contract quoted were inserted for the benefit of the town company, the party of the first part, the seller of the lots described in the contract. The lumber and manufacturing company cannot take advantage of its own neglect in the nonpayment of the purchase money. Under the contract, the town company had the option to avoid or enforce its terms; therefore it could, if it so elected, maintain this action to enforce the contract and recover the unpaid balance of the purchase money. (*Bohart v. Investment Co.*, 49 Kas. 94; *Wilcoxson v. Stitt*, 65 Cal. 596.) This question was carefully examined in the case of *Chambers v. Anderson*, just decided. In that case the law was delared to be "that the forfeiture clauses placed in a contract, similar to this, were for the benefit of the parties selling the real estate, but that these clauses might be waived by them; that a party to a contract cannot be permitted to avoid it by his own wrong." See authorities there cited. A vendor of lands seeking the payment of the purchase money may maintain an action against the vendee for the specific performance of the written contract of sale, upon the principle of mutuality of remedy. (Wat. Spec. Perf., §§ 14–16.) Upon the allegations of the petition, the town company was entitled to a specific performance of the contract of sale upon the part of the Rock Island Lumber & Manufacturing Company.

The judgment of the district court will be affirmed.

All the Justices concurring.