(690 P.2d 391)
No. 56,380

Meril D. Vanderpool and Rebecca R. Vanderpool, *Appellants*, v.
Richard D. Higgs and Pamela M. Higgs, *Appellees*.

Opinion filed November 15, 1984.

*Steven C. Montgomery*, of Alderson, Alderson & Montgomery, of Topeka, for the appellants.

*Thomas W. Regan*, of Topeka, for the appellees.

Before Parks, P.J., Briscoe, J., and Jerome Harman, Chief Judge Retired, assigned.

Harman, C.J. Retired: Here, seventeen shares of common stock in Westshore Estates, Inc. were placed in escrow pursuant to a written contract of sale made April 17, 1973, which called for appellees-buyers to make 120 monthly payments of $226.42 to appellants-sellers for principal and interest. The contract authorized appellees to vote the seventeen shares so long as they were in full compliance with the terms of the agreement. The contract—scrivener unknown—further provided that "in the event second parties [appellees] shall default in the performance of this contract, first parties [appellants] may at their option declare this contract terminated."

Appellees made the scheduled payments through September 1981. They made no further payments. On April 17, 1983, the date of the last scheduled payment, a total of $7,271.84 plus interest was due under the contract.

Appellants filed suit, seeking their expectation interest. Appellees answered, asserting that appellants' only remedy available was to declare the contract terminated and retake possession of the stock.

During the proceedings both sides agreed there were no facts in dispute and that the stock in question "isn't worth too much at this point." The trial court found, both sides agreeing, that the contract is unambiguous. The court found that the contract was "essentially a forfeiture contract by which the parties have bound themselves to perform certain definite requirements or lose their rights under that contract."

The court granted judgment to the appellants, ordering the return of the stock to them, and further ruled they were entitled to keep all sums paid pursuant to the contract prior to default.

On appeal this court may interpret the contract, the pole star being the intent of the parties. *Kansas State Bank & Trust Co. v. DeLorean,* 7 Kan. App. 2d 246, 253, 640 P.2d 343, *rev. denied* 231 Kan. 800 (1982). When unambiguous, a contract must be enforced according to its terms, given their plain, general and common meaning, so as to give effect to the intention of the parties at the time they contracted.

A forfeiture is generally an enforced and involuntary loss of a right in consequence of an offense or default. *Storm v. Barbara Oil Co.,* 177 Kan. 589, 598, 282 P.2d 417 (1955). The term is sometimes used as a synonym of "penalty." Black's Law Dictionary 1020 (5th ed. 1979).

Here the option to forfeit was that of appellants—not appellees—and it was permissive.

"Remedies provided for in a contract may be permissive or exclusive. The mere fact that the contract provides a party with a particular remedy does not, of course, necessarily mean that such remedy is exclusive. [Citation omitted.] A construction which renders the specified remedy exclusive should not be made unless the intent of the parties that it be exclusive is clearly indicated or declared." *Vandergriff Chevrolet Co., Inc. v. Forum Bank,* 613 S.W.2d 68, 70 (Tex. Civ. App. 1981).

See also *Smith v. Quivira Land Co.,* 153 Kan. 794, 113 P.2d 1077

(1941), where it was emphasized that the alternative remedy of cancellation of a contract would lead to an inequitable result.

"A party cannot terminate a contract by reason of his own default under a forfeiture provision for the benefit of the other party." 17 Am. Jur. 2d, Contracts § 499, p. 974. See also *Chambers v. Anderson,* 51 Kan. 385, 392, 32 Pac. 1098 (1893), and *Bohart v. Investment Co.,* 49 Kan. 94, 30 Pac. 180 (1892).

If forfeiture is allowed here, appellees will benefit from their default.

Contract law protects the expectation interest of contracting parties based on a voluntary agreement that defines their relationship. If a breach occurs, fulfillment of the expectation interest gives the non-breaching party the benefit of his bargain, to put him in the position he would have been had there been no breach. 5 Williston on Contracts §§ 683-88 (3d ed. 1961); 17 Am. Jur. 2d, Contracts §§ 446-47, 489, 503, 510. In this case appellants' claim has not been suspended or discharged and the remedy of recovery of money damages is available to them. See 22 Am. Jur. 2d, Damages § 47, p. 74.

The judgment is reversed and the cause is remanded for a determination of appellants' damages and entry of judgment for them accordingly.