**HARRIS MARKET RESEARCH,**
Plaintiff & Counterclaim
Defendant–Appellee,

v.

**MARSHALL MARKETING AND COM-
MUNICATIONS, INC.,** Defendant &
Third-party Plaintiff–Appellant,

v.

Larry R. **HARRIS,** Third-party
Defendant–Appellee.

Nos. 90–3144, 90–3274.

United States Court of Appeals,
Tenth Circuit.

Nov. 7, 1991.

Anthony F. Jeselnik of Laubach, Fulton, Jeselnik & Delaney, Pittsburgh, Pa. (James F. Davis of Lewis, Rice & Fingersh, Overland Park, Kan., with him on the briefs), for defendant & third-party plaintiff-appellant.

David M. Harding (Jeffrey S. Bay with him on the briefs) of Van Osdol, Magruder, Erickson & Redmond, Kansas City, Mo., for plaintiff & counterclaim defendant-appellee.

Before HOLLOWAY, BARRETT and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

In this contracts case Harris Market Research, Inc. (hereinafter "Harris Market") sued Marshall Marketing & Communications, Inc. (hereinafter "Marshall") for breach of a license agreement and copyright infringement. Marshall counterclaimed for breach of the same agreement, misappropriation of proprietary information, interference with sublicense agreements and malicious prosecution of the copyright infringement claim. The jury returned verdicts for both parties. Marshall appeals asserting irreconcilable verdicts, evidentiary errors, improper instructions, and error in awarding attorneys' fees and expenses. We affirm.

## BACKGROUND

Marshall gathers marketing information for television and radio stations. Harris Market developed a customized software program for Marshall to assimilate this information for easier analysis. Marshall and Harris Market entered into a License and Operating Agreement (License Agreement) which allowed Marshall to enter into sublicense agreements for the computer program with television and radio stations. Marshall was to pay licensing and processing fees for the use of the computer program and Harris Market would allow use of the software and would also process information.

Marshall failed to make all payments so Harris Market sent Marshall notice of its intent to terminate. After Marshall orally agreed to cure its payment default, Harris Market sent a letter on July 15, 1986, agreeing to hold termination in abeyance if certain conditions set forth in the letter were met. Harris Market contended the conditions were not met and contacted the television stations directly for payment. Harris Market asked Marshall to return the software disks in September 1986 and received only twenty-four of seventy-five disks in November 1987. Harris Market

was concerned because it was not immediately receiving a copy of the sublicense agreements and the payment schedule was based upon the information contained in those agreements. When it finally received the agreements, Harris Market concluded it had not billed Marshall the correct amount, sent another notice of termination and refused to undertake any new performance under the agreement.

Marshall contends Harris Market's notice of termination was inadequate. It presented evidence Harris Market breached the License Agreement by contacting the stations directly and by refusing to process information as agreed. Marshall introduced testimony Harris Market did not present any evidence at a preliminary injunction hearing on the copyright infringement claim. Marshall asserted it never agreed to the conditions Harris Market imposed in its July 15 letter. Marshall sent Harris Market a revised agreement which Harris Market refused to execute. Thereafter, Marshall sent Harris Market its own notice of termination.

Following a trial, the jury returned a special verdict finding Marshall liable for breach of the License Agreement and for copyright infringement, and Harris Market liable for breach of the License Agreement, interference with the sublicense agreements, misappropriation of proprietary information, and malicious prosecution of the copyright infringement claim.

## I. IRRECONCILABLE VERDICTS

Marshall contends the verdicts are irreconcilable and the trial court should have granted its motion for a new trial. The trial court submitted a special verdict form to the jury at Marshall's request. The jury found both parties liable for breach of the License Agreement and also found Marshall liable for copyright infringement and Harris Market liable for malicious prosecution of the copyright infringement claim.[1]

---

1. The Verdict Form reads:
 We, the jury, duly empaneled and sworn, upon our oaths, present the following answers to the questions submitted by the court:

 1. Do you find Marshall Marketing and Communications, Inc. liable to Harris Market Research, Inc. for breach of the license agreement?
 YES X
 NO _____

The district court found evidence supporting the jury's verdicts and further found no inconsistency with the verdicts that would warrant a new trial. "We review the trial court's denial of [a] Motion for a New Trial under an abuse of discretion standard." *Harvey ex rel. Harvey v. General Motors Corp.*, 873 F.2d 1343, 1346 (10th Cir.1989). We grant the district court broad discretion and limit our review only to whether "the district court's refusal to set aside the jury's verdict constituted a manifest abuse of its discretion." *Id.* A new trial will only be granted upon "a 'showing of a clear abuse of discretion.'" *Trujillo v. Goodman*, 825 F.2d 1453, 1461 (10th Cir.1987) (citation omitted).

■ If any view of the case makes the jury's answers to special interrogatories consistent, they must be resolved that way. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 786, 7 L.Ed.2d 798 (1962). The trial court has a duty to try to reconcile the jury's verdicts to avoid a retrial. *Harvey*, 873 F.2d at 1347. A verdict that resolves separate and distinct causes of action in favor of both parties is not inconsistent on its face. *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1424 (10th Cir.), *cert. denied*, 479 U.S. 1007, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986).

■ The trial court did not abuse its discretion by finding the jury verdicts are not inconsistent. Upon the facts presented, a jury could reasonably find both Marshall and Harris Market breached the License Agreement. Likewise, a jury could find the letter from Harris Market to Marshall dated July 15, 1986 constituted a second agreement implied from the conduct of

---

2. Do you find Marshall Marketing and Communications, Inc. liable to Harris Market Research, Inc. for copyright infringement?

YES X
NO _____

[*NOTE:* If you answered all of the above questions "NO" proceed to Question No. 4. If you answered "YES" to Question Nos. 1 and/or 2, proceed to Question No. 3.]

3. What amount of actual damages do you find was sustained by plaintiff?

$ 220,000.00

4. Do you find plaintiff, Harris Market Research, Inc., liable to defendant for breach of the licensing agreement?

YES X
NO _____

5. Do you find Harris Market Research, Inc. liable to Marshall Marketing and Communications, Inc. for interference with defendant's sublicense agreements?

YES X
NO _____

6. Do you find Larry R. Harris liable to Marshall Marketing and Communications, Inc. for interference with defendant's sublicense agreements?

YES X
NO _____

7. Do you find Harris Market Research, Inc. liable to Marshall Marketing and Communications, Inc. for misappropriating defendant's proprietary information? .

YES X
NO _____

8. Do you find Larry R. Harris liable to Marshall Marketing and Communications, Inc. for misappropriating defendant's proprietary information?

YES X
NO _____

9. Is Harris Market Research, Inc. liable to defendant for maliciously prosecuting the plaintiff's copyright infringement action against defendant?

YES X
NO _____

10. Is Larry R. Harris liable to defendant for maliciously prosecuting the plaintiff's copyright infringement action against defendant?

YES X
NO _____

[*NOTE:* If you answered "NO" to Question Nos. 4 through 10, your deliberations are complete. If you answered "YES" to any of Question Nos. 4 through 10, proceed to Question No. 11.]

11. What amount of actual damages, if any, do you find was sustained by defendant?

$ 75,000.00

[*NOTE:* If you answered Question Nos. 5, 6, 9 and/or 10 "YES", proceed to Question No. 12. If you answered "NO" to each of Question Nos. 5, 6, 9, and 10, your deliberations are complete.]

12. Do you find that defendant is entitled to an award of punitive damages?

YES X
NO _____

[*NOTE:* If your answer is "NO" to Question No. 12, your deliberations are complete. If you answered "YES" to Question No. 12, proceed to Question No. 13.]

13. What amount of punitive damages do you find defendant is entitled to receive?

$ 500.00

the parties. Even though Marshall denied accepting the conditions of the letter, it nonetheless made payments under the schedule outlined in the letter. A jury, therefore, could find Marshall breached the terms of the letter and Harris Market breached the terms of the original agreement. Alternatively, a jury could reasonably conclude both parties breached the same agreement. Marshall breached the agreement first, but Harris Market held its termination in abeyance and continued to perform because under the agreement either party could delay enforcement of a provision in the agreement without waiving that party's right. Subsequently, Harris Market could have breached the agreement.

■ The copyright infringement liability and malicious prosecution claims can also be reconciled. Each was presented to the jury as a distinct claim. Jury Instruction 12 states: "If you find that the plaintiff had a valid copyright and you find that the copyright was infringed by the defendant, then you should find for the plaintiff." Jury Instruction 5 states: "Marshall has also filed a counterclaim against Harris Market and Larry R. Harris for malicious prosecution for their failure to present any evidence of copyright infringement at the preliminary injunction hearing conducted on November 14, 1986." Whether evidence was presented at the preliminary injunction hearing is a different question than whether Harris Market's copyright was infringed. These two verdicts are not inconsistent.

We find a view of the case which supports the verdicts; therefore, the trial court did not abuse its discretion by denying Marshall's motion for a new trial.

## II. ERRORS IN ADMISSION OF EVIDENCE

Harris Market presented damage evidence for two theories of recovery: contract breach and copyright infringement. Harris Market prepared a summary of the costs it incurred developing its computer program. Marshall objected to this evidence as irrelevant because the damages could not be recovered under either contract or copyright law. The court overruled the objection without discussion.

Harris Market also prepared two summaries of licensing and processing fees due under the sublicense agreements in effect when the License Agreement was terminated. Harris Market prepared these summaries using Marshall's own documents which detailed payments Marshall received under the sublicense agreements. Marshall objected to this evidence as speculative and without foundation. The court admitted both exhibits without comment.

Harris Market offered a letter it sent Marshall on July 15, 1986, restating a telephone conversation held the previous day. Marshall moved in limine to exclude evidence of the letter as a new contract between the parties. Marshall claims the existence of a second contract was not set out in the pleadings or the pretrial order. The trial court denied the motion in limine. At trial, Marshall renewed its objection to admission of the letter. The trial judge received the letter into evidence.

Marshall asserts: (1) development costs were not recoverable and therefore inadmissible; (2) licensing and processing fees were too speculative and therefore inadmissible; (3) the summaries were inadmissible hearsay; and (4) the letter of July 15 was unfairly prejudicial and should not have been admitted.

■ To be admissible, damage evidence must be recoverable as contract or copyright damages. By its own terms, the License Agreement is governed by Kansas law. We look to Kansas law to determine what damages are available for a breach of contract claim. Federal law governs recoverable damages for copyright claims. *See* 17 U.S.C. § 504.

"Damage awards in contract cases attempt to place the parties in the same financial position they would have occupied had the contract terms been fulfilled." *Republic Nat'l Life Ins. Co. v. Red Lion Homes, Inc.*, 704 F.2d 484, 488 (10th Cir. 1983); *accord A to Z Rental, Inc. v. Wilson*, 413 F.2d 899, 908 (10th Cir.1969);

*Vanderpool v. Higgs,* 10 Kan.App.2d 1, 690 P.2d 391, 393 (1984).

Ordinarily, a party's damages recoverable for breach of contract are limited to those which may fairly be considered as arising in the usual course of things from the breach itself, or as may reasonably be assumed to have been within the contemplation of the parties as the probable result of such a breach.

*Whiteley v. O'Dell,* 219 Kan. 314, 548 P.2d 798, 802 (1976).

█ The copyright owner is entitled to recover the actual damages suffered as a result of infringement, as well as any profits realized by the offending party and not computed in the actual damages. 17 U.S.C. § 504(b); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 512, 514 (9th Cir.1985). Actual damages are not defined. *Deltak, Inc. v. Advanced Sys., Inc.,* 767 F.2d 357, 361 (7th Cir.1985) (quoting 3 M. Nimmer, *Nimmer on Copyright* § 14.02 at 14–6 (1984)).

"We are generally reluctant to overturn evidentiary rulings of the trial court," *Messina v. Kroblin Transp. Sys., Inc.,* 903 F.2d 1306, 1310 (10th Cir.1990), and "we may not reverse in the absence of an abuse of discretion," *Rainbow Travel Serv., Inc. v. Hilton Hotels Corp.,* 896 F.2d 1233, 1242 (10th Cir.1990); *accord Boren v. Sable,* 887 F.2d 1032, 1033 (10th Cir.1989). "An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (citation omitted).

█ The trial court did not abuse its discretion by admitting evidence of Harris Market's development costs. These damages are recoverable as copyright damages. In Jury Instruction 12 explaining copyright damages, the court stated:

Basically, the law allows a successful plaintiff to recover the actual damages suffered as a result of the infringement, *including unrecovered costs* and lost profits, and also any profits of the defendant attributable to the infringement which you have not already taken into account or properly covered in figuring the plaintiff's lost profits.

(Emphasis added.) Marshall did not object to Jury Instruction 12. Harris Market expected to retrieve license fees over seven years to amortize its investment but was unable to recover its development costs. Accordingly, the trial court properly admitted Harris Market's development costs as evidence of actual damages recoverable for copyright infringement.

█ Nor did the trial court abuse its discretion by admitting evidence of Harris Market's licensing and processing fees due under the sublicense agreements. These damages are admissible under either theory of recovery.

Marshall argues contract damages are only recoverable until the time one party unilaterally terminates the contract. *See International Bhd. of Elec. Workers v. A-1 Elec. Serv.,* 535 F.2d 1, 3–4 (10th Cir.) *cert. denied,* 429 U.S. 832, 97 S.Ct. 94, 50 L.Ed.2d 96 (1976). The latest possible date of contract termination in this case is November 1986. Marshall contends Harris Market cannot recover damages beyond that date because damages after that date were not contemplated or foreseen and therefore evidence of the licensing fees from 1987 and 1988 is inadmissible. We disagree.

In *International Brotherhood,* the court had difficulty in determining a reasonable cutoff date for damages where a collective bargaining agreement contained no definite expiration date but was automatically renewed from year to year. The agreement could be terminated by written notice ninety days prior to the beginning of the new contract year, similar to the license agreement involved in this case.

The trial judge in the instant case did not face such difficulty because each sublicense agreement contained a specific expiration date. Although the License Agreement was terminable at will, the sublicense agreements were not. The parties scheduled payment of the licensing and processing fees before the License Agreement was terminated. It was reasonably foreseeable Harris Market would have been entitled to

those fees had the contract been performed. Furthermore, Marshall and its sublicensees retained possession of the software programs until November 1987, one year after the License Agreement was terminated. The projected licensing and processing fees Harris Market expected to earn from the software program are properly admissible under an actual damages claim for copyright infringement.[2]

The trial court did not abuse its discretion by admitting evidence of Harris Market's development costs or evidence of the licensing and processing fees due under the sublicense agreements.

■ Marshall also objects to the summary form of the damage data and asserts the exhibits are inadmissible hearsay. Counsel for Marshall raises for the first time on appeal the objection that these exhibits are inadmissible hearsay. We will not consider an issue raised for the first time on appeal. *Farmers Ins. Co. v. Hubbard,* 869 F.2d 565, 570 (10th Cir.1989); *Cain v. Yukon Pub. Schools,* 775 F.2d 15, 20 (10th Cir.1985); *Nulf v. International Paper Co.,* 656 F.2d 553, 559 (10th Cir. 1981).

■ As to the summary form of the data, Fed.R.Evid. 1006 clearly permits the use of a summary of business records provided "all of the records from which it is drawn are otherwise admissible." *State Office Sys., Inc. v. Olivetti Corp. of America,* 762 F.2d 843, 845 (10th Cir.1985) (citations omitted). The admission of summaries under Rule 1006 is within the sound discretion of the trial court. *Gomez v. Great Lakes Steel Div. Nat'l Steel Corp.,* 803 F.2d 250, 257 (6th Cir.1986).

■ Information for the summary exhibits came from Marshall's own business records which were admitted into evidence without objection. Because these records

were already received into evidence, the trial judge acted within his discretion by admitting summaries based on the information contained therein. The trial court did not abuse its discretion by admitting the exhibits in summary form.

■ Marshall complains Harris Market's July 15 letter represents a new agreement between the parties and is therefore inadmissible because it is unfairly prejudicial. The terms of the July 15 letter set out a payment schedule to enable Marshall to cure its default. Once the payments were complete, Harris Market would resume deliveries of its software. The letter notified Marshall that Harris Market would begin contacting the sublicensees directly for payment and requested Marshall to remit any license fees that had already been collected. Harris Market also notified Marshall that all new and renewal sublicense agreements would be licensed directly by Harris Market. The letter also listed stations from which Harris Market had not received signed sublicense agreements and requested those to be turned over. Additionally, the letter stated that if Marshall met the imposed deadlines, Harris Market's prior notice to terminate would be held in abeyance.

Marshall contends the letter is unfairly prejudicial because it was characterized as a new agreement not listed in the pleadings or pretrial order. Marshall's argument is unfocused. However the letter is characterized, it is relevant to the actions of the parties under the original agreement. Admission of the letter did not prejudice Marshall. On cross-examination, Harris Market's president testified he did not consider the July 15 letter to be a new agreement. Furthermore, Marshall cannot complain of surprise when it relied on the letter in support of its own defense. In its answer, Marshall alleged Harris Market waived its

---

2. Marshall also contends these licensing and processing fees reflect gross revenue rather than profit and argues gross revenue is not recoverable. Marshall objects that these numbers do not reflect any deductions for the cost Harris Market would have had to incur to earn these fees.

Marshall does not understand the nature of these fees. Under the License Agreement, Mar-

shall was obligated to pay Harris Market set licensing and processing fees for each of Marshall's sublicense agreements. Harris Market was not seeking lost profits but rather the actual fees due under the contract had the contract been performed.

rights under the agreement by accepting payments made according to the schedule set out in the July 15 letter. The trial court, therefore, did not abuse its discretion by admitting the letter.

## III. DENIAL OF PRETRIAL DISCOVERY

Harris Market sought a protective order from the trial court to prevent discovery of information concerning the internal workings of its computer program requested in two interrogatories. The trial court entered a protective order finding the information was irrelevant to any issues in the action and was therefore not discoverable. Marshall contends the denial of its pretrial request for discovery of information concerning Harris Market's computer program precluded it from being able to attack the validity of Harris Market's copyright. Marshall brought a motion in limine asking the trial court to exclude all evidence of Harris Market's copyright infringement claim. The court denied the motion without discussion. Marshall unsuccessfully renewed its objection to evidence of copyright infringement at trial. Marshall now asserts the trial judge abused his discretion by admitting evidence of copyright and copyright infringement.

"We will reverse a protective order on appeal only if there has been an abuse of discretion." *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.1987), *cert. dism'd*, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988) (citations omitted). "A reviewing court should not substitute its judgment for that of the trial court. It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed. R.Civ.P. 26(c)." *In re Petroleum Prods. Antitrust Litig.*, 669 F.2d 620, 625 (10th Cir.1982). We decline to do so here.

The Certificate of Registration issued by the United States Copyright Office to Harris Market constituted prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908, 911 (2d Cir.1980). Evidence of the certificate shifted the burden of proof to Marshall to dispute the validity of the copyright. *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir.1985). Marshall could have presented other evidence to dispute the claim of copyright or of the infringement. It did not. Marshall admitted in its brief that it was "unable to present any evidence to the jury, particularly expert testimony and analysis, to demonstrate invalidity of the copyright." Simply because Marshall could not find evidence to dispute copyright validity does not mean its admission was unfairly prejudicial. The trial court did not abuse its discretion in issuing a protective order, nor did it abuse its discretion in admitting evidence of the copyright and copyright infringement.

## IV. ATTORNEYS FEES

Following trial, Harris Market moved for a hearing to determine reasonable attorneys' fees allowed to the prevailing party under the License Agreement. Marshall did not oppose this motion.

Without a hearing, the trial court determined Harris Market was the prevailing party and ordered it to submit a detailed claim for attorneys' fees and expenses, which it did. In its response, Marshall asserted numerous claims of error. At Marshall's request, the trial court reduced Harris Market's claim to reflect its proportional share of the jury award.

Marshall asserts: (1) Harris Market was not the prevailing party; (2) the trial court failed to conduct a hearing; and (3) it was entitled to attorneys' fees for its successful defense of Harris Market's request for preliminary injunction.[3]

---

**3.** Marshall alleges the district court did not have jurisdiction to award attorneys' fees because of a pending appeal in the case and relies on District Court Rules of Practice 219 and 220. Marshall's reliance is misplaced. The Tenth Circuit treats all motions for attorneys' fees as a procedural and ministerial function over which the district court retains jurisdiction even if an appeal is pending. *Stewart v. Donges*, 915 F.2d 572, 575 n. 3 (10th Cir.1990).

Marshall alleges the trial court erred in its determination of who is a "prevailing party." This determination is critical because under the License Agreement, the prevailing party in any litigation is entitled to attorneys' fees. The License Agreement is governed by Kansas law; therefore, "prevailing party" is defined by Kansas law.

Appellate review of a district court determination of state law is *de novo*. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). We therefore apply Kansas law to make our own determination of who is a "prevailing party."

Kansas has adopted Black's Law Dictionary's definition of a prevailing party. A prevailing party is

> [t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered.... The party ultimately prevailing when the matter is set at rest.

Black's Law Dictionary 1069 (5th ed. 1979) (quoted in *Szoboszlay v. Glessner*, 233 Kan. 475, 664 P.2d 1327, 1333 (1983); *accord Schuh v. Educational Reading Servs. of Kansas, Inc.*, 6 Kan.App.2d 100, 101, 626 P.2d 1219, 1220 (1981)).

Regarding the specific issue of attorneys' fees, " 'a prevailing party is the person who has an affirmative judgment rendered in his favor at the conclusion of the entire case.' " *Szoboszlay*, 664 P.2d at 1333 (quoting *Schuh*, 626 P.2d at 1220).

In *Szoboszlay*, a tenant was awarded $150 in small claims proceedings for the return of his security deposit. On appeal the judgment was modified to reflect additional rent still owed to the landlord. The tenant was found to be the prevailing party entitled to attorneys' fees even though the defendant prevailed to a

certain extent on the counterclaim.[4] *Id.* The court recognized "there could have been only one judgment entered herein and that was and is the net judgment rendered in favor of plaintiff.... [T]he party awarded the net judgment is the prevailing party and thus the successful party." *Id.* at 1334 (quoting *Moss Constr. Co. v. Wulffsohn*, 116 Cal.App.2d 203, 253 P.2d 483, 485 (1983)). We find the net judgment rule to determine the prevailing party in litigation is the applicable rule in Kansas.

Under Kansas law, a prevailing party may recover attorneys' fees if specifically authorized by statute or contract. *Missouri Pacific R.R. Co. v. Kansas Gas & Elec. Co.*, 862 F.2d 796, 801 (10th Cir. 1988); *Farmers Cas. Co. (Mutual) v. Green*, 390 F.2d 188, 192 (10th Cir.1968); *Oak Park Inv. Co. v. Lundy's, Inc.*, 6 Kan.App.2d 133, 626 P.2d 1236, 1237 (1981). The License Agreement specifically authorizes the award of attorneys' fees and expenses to the prevailing party in any legal action regarding the agreement. Thus, the prevailing party in this litigation is entitled to an award of attorneys' fees and expenses. The trial judge entered a net judgment for Harris Market. Under the net judgment rule, Harris Market is the prevailing party entitled to attorneys' fees.

"[A]n appellate court plays a 'limited role' in reviewing a district court's award of attorneys' fees and costs, and deference is given to a district court's judgment on the matter, since the court is in a better position to assess the course of litigation and quality of work." *Duran v. Carruthers*, 885 F.2d 1492, 1494 (10th Cir.1989). "In our role as a court of review, we will overturn the district court award [of attorneys' fees] 'only if it represents an abuse of discretion.' " *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir.1990) (quoting *Mares v. Credit Bur. of Raton*, 801 F.2d 1197, 1201 (10th Cir.1986)).

Broad discretion is given the trial court as to how fees are awarded. *Council for Periodical Distribs. Ass'ns v.*

---

4. Although Marshall asserts *Szoboszlay* is factually dissimilar, we have found no Kansas case that applies a different test than the net judgment rule to determine who is a prevailing party.

*Evans,* 827 F.2d 1483, 1487 (11th Cir.1987). A court may decide to award fees in the same proportion as a jury assessed damages. *Id.* at 1488. " '[D]istrict courts should make every effort to achieve the most fair and sensible solution that is possible.' " *Id.* at 1488 (quoting *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 960 (1st Cir.1984)).

 Marshall contends the trial court failed to conduct a hearing to determine the award of attorneys' fees. The court properly applied the Kansas net judgment rule to determine Harris Market was the prevailing party. No hearing was necessary to aid the trial court's determination. The court acted within its discretion in making a finding of the prevailing party without a hearing.

 In lieu of a hearing, the court requested an affidavit and an itemization of reasonable attorneys' fees and expenses. Marshall responded. The trial court itemized the expenses that were and were not recoverable and reduced the amount of the award to reflect the plaintiff's proportional share of the jury award. The court closely reviewed each of Marshall's claims of error. The award of attorneys' fees is based on reason and is not arbitrary or capricious. We find the trial court did not abuse its discretion in the amount of attorneys' fees it awarded Harris Market.

 Marshall also asserts the court erred in denying it reasonable attorneys' fees incurred in its successful defense of the preliminary injunction. Marshall characterizes the preliminary injunction as a separate proceeding from the main trial. The trial court viewed the preliminary injunction as sub-part of the trial. Because there can be only one prevailing party and one award of attorneys' fees, the trial court denied Marshall's motion for attorneys' fees on the basis that the jury ultimately found for Harris Market on its copyright infringement claim. Such a denial cannot be said to be an abuse of discretion.

## V. JURY INSTRUCTIONS

Marshall alleges error in several jury instructions. Specifically, Marshall alleges the instructions were inadequate because they failed to explain the meaning of "substantial performance" and the trial court's refusal to clarify the term "cure" at the request of the jury compounded the problems created by the inadequate instructions. Marshall further asserts the court failed to instruct on waiver and claims it unsuccessfully urged the trial court to more fully explain "termination." It also asserts the court gave improper recovery standards to the jury and impermissibly instructed regarding contract modification and copyright damages.

 The admission or exclusion of a jury instruction is within the sound discretion of the trial court. The sufficiency of the instructions is not determined by isolating a particular instruction or omission, but rather by viewing the instructions as a whole. *Richards v. Attorneys' Title Guar. Fund, Inc.,* 866 F.2d 1570, 1575 (10th Cir.), *cert. denied,* 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989). To determine the sufficiency of the jury instructions, therefore, it is essential we review the instructions as a whole, as they were given to the jury. We did not, however, receive a record of the entire jury instructions. We decline to consider these issues in the absence of a record containing those portions of the transcript on which the parties rely. Fed.R.App.P. 10(b)(2); *United States v. Mobile Materials, Inc.,* 871 F.2d 902, 906 (10th Cir.1989).

Marshall contends the denial of its motions for summary judgment, directed verdict and judgment notwithstanding the verdict were erroneous. These contentions do not merit discussion.

The judgment of the trial court is AFFIRMED.