**Filed 12/27/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAYMOND ANDERSON,

      Defendant-Appellant.

Case No. 96-7044

(D.C. CR-95-53-S)
(Eastern District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Raymond Edward Anderson appeals the district court's ruling permitting the prosecution's introduction of a summary videotape into evidence as an abuse of discretion under Fed. R. Evid. 403 and 1006. We exercise jurisdiction under 28 U.S.C. § 1291 and, for the reasons set forth below, affirm the district court.

Mr. Anderson's appeal arises from his jury trial and conviction on four counts of distributing a controlled substance--cocaine base--in violation of 21 U.S.C. § 841(a)(1). In early 1995, Mr. Anderson was the target of undercover investigation by the Federal Bureau of Investigation and the Ardmore, Oklahoma Police Department which sought to disrupt drug trafficking at the local level. These law enforcement authorities engaged Leon Fondren, a private citizen, to purchase cocaine base in Ardmore under controlled conditions in an automobile outfitted with hidden video cameras. Mr. Fondren purchased a total of 3.5 grams of cocaine base from Mr. Anderson on four separate occasions in January and February, 1995--each of which was recorded on videotape. Mr. Anderson was then arrested on September 28, 1995 and indicted on four counts of distribution of a controlled substance.

At Mr. Anderson's trial, the prosecution offered into evidence the four original videotapes, which included the entire sequence of events related to the controlled purchases by Mr. Fondren. Because the four tapes contained approximately 12-hours of footage, the prosecution did not play those tapes, but rather, offered into evidence a fifth videotape containing edited scenes from the four originals which it sought to play for the

2

jury. Mr. Anderson's counsel objected to the introduction of the fifth summary videotape on the basis that because the four original tapes were introduced into evidence, the fifth tape amounted to cumulative evidence. In response to defense counsel's objection, the district court initially ruled that the fifth videotape constituted a summary exhibit admissible under Fed. R. Evid. 1006. Rec. vol. II at 89-92. However, the court later changed the basis for this ruling and admitted the fifth videotape because it was relevant evidence admissible under Fed. R. Evid. 402, and not unfairly prejudicial under Fed. R. Evid. 403. Id. at 95-98. Mr. Anderson now appeals this ruling.

We review the district court's decision to admit evidence for an abuse of discretion, and we reverse only if the court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Snow, 82 F.3d 935, 943 (10th Cir. 1996) (citations omitted). The admission of summaries under Fed. R. Evid. 1006 is within the sound discretion of the trial court. Harris Mkt. Research v. Marshall Mktg. and Communications, Inc., 948 F.2d 1518, 1525 (10th Cir. 1991). Moreover, if error by the trial court does not affect substantial rights and does not result in actual prejudice, the error is harmless and does not merit reversal. A.E. By and Through Evans v. Independent Sch. Dist. No. 25, 936 F.2d 472, 476 (10th Cir. 1991).

Fed. R. Evid. 1006 provides, in pertinent part, that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or

3

duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place." The rule permits a party to introduce a summary exhibit into evidence where the introduction of the original evidence is such that it would cause the court inconvenience or a waste of time. 5 Jack B. Weinstein et al., Weinstein's Evidence ¶ 1006[01] (perm. ed. rev. vol. 1996). Prior to the introduction of a summary exhibit, the party offering the exhibit must lay a proper foundation for the admission of the original materials upon which the exhibit is based and make those originals available to the opposing party for review. Harris, 948 F.2d at 1525.

Mr. Anderson does not argue that the prosecution failed to lay a proper foundation for the summary videotape or that it did not otherwise comply with the requirements of Fed. R. Evid. 1006. Rather, he argues that because both the original and the summary videotapes were introduced into evidence and eventually heard at the request of the jury, this amounted to cumulative evidence and thereby unfairly prejudiced him in violation of Fed. R. Evid. 403. What Mr. Anderson does not recognize in his argument is that the prosecution did not at any time during the presentation of its case attempt to play both the four original videotapes and the summary videotape for the jury, but instead sought to use the summary tape under Fed. R. Evid. 1006 to avoid the time consuming production of the 12-hours of original videotape. It was only after the close of evidence and submission of the case to the jury that the original tapes were played at the request of the jury. At that

4

time, Mr. Anderson's counsel made no objection to the use of the original tapes by the jury, and the court provided the properly admitted original tapes to the jury.

Upon careful review of the record in this case, we find that the district court did not abuse its discretion in admitting the summary videotape into evidence. While the district court did not directly admit the summary videotape based upon Fed. R. Evid. 1006, this court can affirm on any basis supported by the record and the law. United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994). In this instance, we find that the summary videotape met the requirements of Fed. R. Evid. 1006 and did not unfairly prejudice Mr. Anderson under Fed. R. Evid. 403. Thus, we need not consider whether this evidentiary ruling constituted harmless error.

We therefore AFFIRM the district court's ruling and judgment in this case. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

5