(889 P.2d 797)
No. 71,173

PHILIP BOOS, THOMAS L. BOOS, and JOYCE BOOS, *Appellees*, v.
THE NATIONAL FEDERATION OF STATE HIGH SCHOOL
ASSOCIATIONS; KANSAS STATE HIGH SCHOOL ACTIVITIES
ASSOCIATION; and UNIFIED SCHOOL DISTRICT #428, GREAT
BEND HIGH SCHOOL, *Appellants*.

Opinion filed February 10, 1995.

*Robert L. Bates*, of Hagen, Bates & Suelter, of Great Bend, for appellant Unified School District # 428, Great Bend High School.

*Randall J. Forbes*, of Frieden, Haynes & Forbes, of Topeka, for appellant Kansas State High School Activities Association.

*Allen R. Slater*, of Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., of Overland Park, for appellant The National Federation of State High School Associations.

*Steven E. Johnson*, of Bauer, Pike, Pike & Johnson, Chtd., of Great Bend, for appellee.

Before LARSON, P.J., GERNON and ROYSE, JJ.

LARSON, J.: The National Federation of State High School Associations (NFSHS), Kansas State High School Activities Association (KSHSAA), Unified School District #428 (USD #428), Great Bend High School (GBHS) (collectively defendants or appellants), appeal the trial court's construction of a 1985 settlement agreement to impose joint and several liability of all defendants for the failed payment by their insurance carrier.

In 1985, Philip Boos (Boos), then a minor, by his natural guardians and next friends Thomas L. Boos and Joyce L. Boos (plaintiffs) and NFSHSA, KSHAA, USD #428, and GBHS (defendants) together with the defendants' insurance carrier, the Fund Company Limited (the Company), entered into a settlement agreement which became the journal entry in a friendly suit seeking

damages for negligence for injuries Boos suffered when he dove into the GBHS swimming pool during a physical education class. The agreement was entitled "Journal Entry and Settlement Agreement" and provided in relevant part:

"The Court finds that in consideration of payment by defendants to plaintiffs of the sum and amount of $3,811.57 together with the sum of $1,000.00 for their attorney's fees . . . plaintiffs agree to release and forever discharge defendants and their insurance carriers from any and all liability as a result of an accident which injured the above-named minor plaintiff . . . . Plaintiffs agree that said release and discharge shall be effective as to all of the named defendants, as well as their administrators, faculty, employees, officers, directors, and committees; together with defendant's insurance carrier, The Fund Insurance Company, LTD. . . . which shall hereafter be referred to as the 'Company.'

"In consideration of plaintiff's release, waiver of liability, and discharge of defendants and the Company, plaintiffs, defendants and Company agree as follows:

"A. The Company will pay [certain medical, rehabilitation and work-loss expenses].

"B. The Company will reimburse [plaintiff for expenses in equipping his home to accommodate his disabilities].

"C. The Company will pay [costs of rehabilitation treatment and equipment].

"D. The Company will reimburse [for lost work due to hospitalization, rehabilitation and disability].

"E. The Company will reimburse [for certain work loss of the parents].

. . . .

"The Court further finds that the parties understand and agree that said medical, rehabilitation and work loss payments are not to be construed as an admission of liability on the part of the defendants but that said payments are in compromise and settlement of any [and] all claims of the plaintiffs arising out of said accident and such claims are denied and disputed by said defendants. The Court further finds that this release and settlement was entered into by plaintiffs voluntarily after consultation with independent counsel of their choice and is not based upon any representation or statements of any kind made by the defendants or their representatives as to the merits, liability or value of their claim or any other matter relating thereto.

"The Court further finds that the parties have agreed that this release and settlement is intended to cover all actions, causes of action, claims and demands for, upon or by reason of any damage, loss or injury, known or unknown, monetary or nonmonetary, based on common law, statutory law or contract, which may be traced directly or indirectly to the aforesaid accident and defendants, as now appears or as may appear at any time in the future, no matter how remotely they may be related to the aforesaid accident.

"The Court further finds that this release and settlement has been entered into by plaintiffs with the full knowledge and understanding on the part of the plaintiffs that there may be more serious consequences, damages or injuries or separate or distinct consequences, damages or injuries as a result of the accident afore mentioned which are not now known and that more serious and permanent injuries or separate and distinct injuries, even to the extent of death, may result from the injuries sustained in said accident.

. . . .
"The Court finds that the above is a fair and equitable and settlement of all the issues herein, and hereby approves the same and incorporates as its Order all of the findings together with the complete agreement as set out herein as the Order of this Court."

In April of 1993, Boos, then an adult, filed a "motion for payment of funds." Boos alleged the Company had failed to pay $106.75 in medical expenses as required under the agreement. Boos argued all the defendants were primarily liable under the agreement and the Company was simply the defendants' agent for payment.

Boos also argued that if extrinsic evidence were admitted, it would show the parties intended to bind all of the defendants to make the payments required by the agreement and asked to introduce extrinsic evidence if the court found the agreement to be ambiguous. Additionally, Boos reasoned that if the agreement unambiguously supported the defendants' contention that they had no obligation, it would be subject to rescission for failure of consideration, relief that Boos did not request.

The defendants contended the settlement agreement discharged and released them from all liability in connection with the accident. They argued that no language in the settlement agreement imposed any obligation upon the defendants. They also argued Boos was not entitled to the requested relief under K.S.A. 60-260(b)(6). They finally argued that Boos had not shown the Company was unable to pay or that he had pursued all available collection remedies.

The trial court granted Boos' motion. It first held the agreement was not ambiguous and had to be interpreted without reference to parol evidence. The court determined the parties intended to fairly compensate Boos and release the defendants from liability but:

"[r]egardless of the fact that it states in the Journal Entry 'the company' will pay, it is the Court's belief and finding the intent of the parties was the Defendants were obligated and responsible to see the payments were made to the Plaintiffs as set forth in the Journal Entry and Settlement Agreement. 'The company' was not even a named party but only a tool used by the Defendants to see that payment under the terms of the settlement were completed."

The defendants appeal, contending: (1) The trial court erroneously amended the 1985 journal entry and settlement agreement to impose liability upon them; (2) the trial court lacks jurisdiction to amend the 1985 journal entry; (3) public policy dictates against holding the defendants/insureds liable for the obligation of their insurance carrier; and (4) the trial court erred in holding the defendants liable for future medical expenses in the absence of evidence that such expenses could not be paid by the insurance company as provided in the journal entry and settlement agreement.

We will reach each issue raised by the appellants but must first dispose of their contention that the trial court did not have jurisdiction to make the order entered. This determination is essential because "where the district court had no jurisdiction, the appellate court does not acquire jurisdiction over the subject matter on appeal." *City of Overland Park v. Barron,* 234 Kan. 522, Syl. ¶ 1, 672 P.2d 1100 (1983).

Defendants argued to the trial court that because the journal entry of judgment was filed in 1985, it was a final order. Therefore, Boos' 1993 "motion for payment of funds" was nothing more than a K.S.A. 60-260(b)(6) motion which was not made within a reasonable time. They contended a K.S.A. 60-260(b)(6) motion should not be available to grant Boos' relief from the calculated and deliberate settlement which was made on his behalf.

This issue was not directly ruled upon by the trial court, but the court must have assumed that jurisdiction existed for making its order. Defendants cite no case authority on appeal but merely contend the petition was an improper K.S.A. 60-260 request and, under the guise of interpretation, the trial court's order renders a totally different judgment from the one granted in 1985.

Defendants' argument fails because the 1985 order is exactly what its own counsel denoted it to be—a "journal entry and set-

*tlement agreement."* Because it is a "settlement agreement" of the parties, which the law favors (see *International Motor Rebuilding Co. v. United Motor Exchange, Inc.*, 193 Kan. 497, Syl. ¶ 1, 393 P.2d 992 [1964]), if it is unambiguous, it is to be construed in light of its language. See 15A Am. Jur. 2d, Compromise and Settlement § 23.

The "settlement agreement" entered into between the parties in 1985 is a written agreement, and this court is free to determine its construction and legal effect. *Hall v. Mullen*, 234 Kan. 1031, 1035, 678 P.2d 169 (1984). Regardless of the construction the trial court gave the agreement, we may independently construe the contract and determine its legal significance. *NEA-Goodland v. USD No. 352*, 13 Kan. App. 2d 558, 562, 775 P.2d 675, *rev. denied* 245 Kan. 785 (1989). In making our interpretation, we owe no deference to the trial court's conclusion. *Simon v. National Farmers Organization, Inc.*, 250 Kan. 676, Syl. ¶ 3, 829 P.2d 884 (1992); *Utility Maintenance Contractors, Inc. v. West American Ins. Co.*, 19 Kan. App. 2d 229, Syl. ¶ 1, 866 P.2d 1093 (1994).

The defendants' contention that the trial court erroneously amended the settlement agreement to impose liability upon them and the complementary contention that public policy prohibits holding them liable for the debts of their insurance carrier fail to address the central and governing issue of whether the *original* settlement agreement bound the defendants to pay Boos in the event the Company is unable to do so.

Before we answer that basic question, we note that both parties agree that the contract is unambiguous. The fact the parties are 180 degrees apart as to what the contract unambiguously states does not force a finding of ambiguity. *Amoco Production Co. v. Kansas Power & Light Co.*, 505 F. Supp. 628, 635 (D. Kan. 1980). However, even though the contract's ambiguity is not a contested point on appeal, we must consider it because it affects our review of the contract's meaning.

Ambiguity in a written contract does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which of two or more

meanings is the proper meaning. *Patrons Mut. Ins. Ass'n v. Harmon,* 240 Kan. 707, 713, 721 P.2d 741 (1987). A contract is not ambiguous merely because it does not address an issue. *Duffin v. Patrick,* 212 Kan. 772, Syl. ¶ 4, 512 P.2d 442 (1973). The failure of the agreement to directly address whether the defendants incur future liability does not mean the contract is ambiguous; the more logical conclusion is that the contract imposes no such obligation. We find no language in the agreement creating a genuine uncertainty as to which of multiple meanings is proper. Therefore, we hold the contract is not ambiguous.

It is a basic rule of contract law that courts will allow parties to choose the terms by which they will be bound under written agreements. *Squires v. Woodbury,* 5 Kan. App. 2d 596, 598, 621 P.2d 443 (1980), *rev. denied* 229 Kan. 671 (1981). If, in fact, the agreement states that defendants are responsible for their insurance company's obligations, they became so voluntarily. Parties that define their relationship by contract leave no room to apply a legal theory that might exist but for an express agreement. *Bank v. McIntosh,* 72 Kan. 603, 84 Pac. 535 (1906). It is unnecessary for us to address the defendant's argument that there was no evidence the Company could not pay Boos' future medical expenses because our analysis of the express and unequivocal terms of the agreement shows defendants were under no obligation to make future payments to Boos.

A settlement agreement, by its nature, substitutes contractual performance for what was previously claimed to be due. 15A Am. Jur. 2d, Compromise and Settlement § 1. The petition alleged a classic claim of negligence for accidental injuries suffered in a physical education class at GBHS. It makes no sense for the two associations to be involved, but they have chosen to become parties to the contract and must therefore assume such obligations as the settlement agreement imposes upon them.

The settlement agreement is substituted for the underlying claim or right, and the rights and liabilities of the parties become measured and limited by the terms of the agreement. 15A Am. Jur. 2d, Compromise and Settlement § 24. The release provisions of a settlement agreement release the defendants from whatever

liability the allegations of the petition might have raised but have no effect on any contractual obligations which were imposed by the settlement agreement. See *Crawford v. Kelly Field Nat. Bank*, 733 S.W.2d 624 (Tex. Civ. App. 1987). The core issue, as we have previously stated, is whether the terms of the settlement agreement bind the defendants to make the payments ordered by the court.

It is Boos' burden to show the contract imposes the obligation he seeks to impose on the defendant. See *Bishop & Babcock Sales Co. v. Brogan*, 128 Kan. 779, 783, 280 Pac. 749 (1929). The plain and simple fact is that there is a complete absence of any language in the agreement which supports Boos' contention and the burden he bears. The rule is clear that unambiguous contracts must be enforced according to their plain, general, and common meaning in order to ensure the intentions of the parties are enforced. *Vanderpool v. Higgs*, 10 Kan. App. 2d 1, Syl. ¶ 1, 690 P.2d 391 (1984); *Wood River Pipeline Co. v. Willbros Energy Services Co.*, 241 Kan. 580, Syl. ¶ 3, 738 P.2d 866 (1987). Because the settlement contract has been found to be unambiguous, we look only to the four corners of the agreement to determine the parties' intent, harmonizing the language therein if possible. See *Brown v. Lang*, 234 Kan. 610, Syl. ¶¶ 1, 2, 675 P.2d 842 (1984); *Wiles v. Wiles*, 202 Kan. 613, 619, 452 P.2d 271 (1969).

The agreement does not purport to impose any duties on the defendants other than the payment of $3,811.57 and $1,000 in attorney fees. The wording of paragraph 3 imposes only on the Company the duty to perform the obligations set forth in subparagraphs A, B, C, D, E, and F and enumerated in subparagraphs G, H, I, and J. We will not debate Boos' wisdom in accepting these obligations since the agreement is clear that he has done so. There are no provisions which could be construed to impose liability on the defendants to make the payments under paragraph 3 if the Company is unable to do so.

The trial court found the parties must have intended the defendants to incur some obligation; otherwise there would be no consideration for the release. This totally ignores the monetary payment defendants made to Boos and his attorney and the de-

fendants' providing the obligations of a third party, which the plaintiff accepted.

"Generally speaking, if consideration is sufficient for a contract in other respects, it does not matter from or to whom it moves. The consideration . . . may be given by the promisee or a third person. . . . It is not essential to a recovery on a promise made for the benefit of several persons that consideration move from each of such persons." 17A Am. Jur. 2d, Contracts § 125. There was adequate consideration for the agreement.

The court specifically found that "this release and settlement was entered into by the plaintiffs voluntarily after consultation with independent counsel of their choice and is not based upon any representation or statements of any kind made by the defendants or their representatives as to the merits, liability, or value of their claim or any other matter relating thereto."

The trial court's finding that the Company was merely an instrument (agent) of the defendants to pay Boos does not appear from the agreement.

"The rule that the surrounding circumstances should be considered in determining the meaning of a contract and the intention of the parties thereto, as of the time of entering into the contract, is limited to cases where resort to such circumstances is made necessary by reason of the ambiguity and uncertainty of the contract language, and the rule does not apply where the language of a written agreement is plain and is not susceptible of more than one meaning. If the language of the contract is perfectly plain and unambiguous, the expressed intent, and not necessarily the actual intent, controls." 17A Am. Jur. 2d, Contracts § 356.

No matter how the Company was interjected into the agreement, Boos agreed to terms which clearly bound the Company to make the payments and did not bind the defendants herein to make any future payments.

Boos' only claim is that the settlement agreement imposes liability on the defendants. He does not request rescission based upon a failure of consideration, damages based upon the insurance company's breach, or an alteration in the original court order. Boos made a narrow claim for enforcement of the agreement and fails to show any wording which could justify the claim he makes. See 15 Am. Jur. 2d, Compromise & Settlement § 35.

There is no question but that this is a difficult decision. Courts cannot, however, under the guise of construction rewrite the

terms of the contract. *Quenzer v. Quenzer*, 225 Kan. 83, 85, 587 P.2d 880 (1978). "It is a cardinal rule . . . that courts will not rewrite a contract by construction if it is clear and unambiguous." *Thomas v. Thomas*, 250 Kan. 235, 244, 824 P.2d 971 (1992); *Havens v. Safeway Stores*, 235 Kan. 226, 231, 678 P.2d 625 (1984). The construction reached by the trial court cannot be justified. The clear and unambiguous wording must be enforced. The defendants did not by the agreement assume the obligation to insure and guarantee payment by the Company. The motion for payment should have been denied.

Reversed.