(953 P.2d 1055)
No. 78,191

GENERAL SURGERY, P.A., *Appellant*, v. KIM C. SUPPES, M.D., *Appellee.*

—

Opinion filed January 30, 1998.

*William J. Skepnek,* of Skepnek & Maddox, of Lawrence, for the appellant.

*John J. Immel,* of Petefish, Immel & Heeb, L.L.P., of Lawrence, for the appellee.

Before PIERRON, P.J., GREEN and MARQUARDT, JJ.

PIERRON, J.: General Surgery, P.A., appeals from summary judgment granted in a breach of a restrictive covenant of employment action.

General Surgery is a professional corporation conducting a general surgical practice in Lawrence. On November 29, 1992, Kim Suppes, M.D., entered into a contract to practice as a surgeon for General Surgery. The contract permitted termination without cause on 30 days' written notice by either party. The contract also restricted the geographic area where Dr. Suppes could practice if she should cease employment. General Surgery terminated Dr. Suppes' employment without cause on January 31, 1995. The record is unclear what the circumstances of Dr. Suppes' termination were. The parties do not appear to dispute, however, that General

Surgery was the party ending the employment relationship. Dr. Suppes subsequently carried out a limited medical practice in Lawrence.

General Surgery sued Dr. Suppes for breach of the employment contract. The trial court denied General Surgery's motion for summary judgment and then granted Dr. Suppes' motion for summary judgment. The trial court held that the written contract and the uncontroverted facts failed to support finding a breach by Dr. Suppes.

Interpreting written documents is a matter of law, and the standard of review on appeal is unlimited. *Kansas Gas & Electric Co. v. Will Investments, Inc.*, 261 Kan. 125, Syl. ¶ 1, 928 P.2d 73 (1996). The question on appeal is whether the written agreement between General Surgery and Dr. Suppes prevented her from practicing in Lawrence after General Surgery terminated the employment relationship.

The Employment Contract contained the following provision:

"19. RESTRICTIVE COVENANT. The Doctor agrees that should she cease employment with the Corporation, then she will not engage in the practice of medicine within twenty-five (25) miles of the city limits of the City of Lawrence, Kansas (the Corporation's place of business) for a period of two (2) years from the date she ceases such employment. The parties further agree that since it would be difficult to ascertain the amount of the Corporation's damages in the event of a breach, the parties hereby contract that in the event of such a breach, the Doctor shall pay to the Corporation a sum of money equal to one (1) year's salary with the Corporation (this shall be one full year's salary, but in the event that the Doctor shall not have worked a full year, it shall be the salary for the number of months worked plus the number of additional months needed to make a full year times the Doctor's last month's salary), minus the deductions taken from the Doctor's salary for federal and state withholding tax and federal social security tax. The parties agree that such a payment if made, shall not be a penalty but shall be the liquidated damages for the breach herein, contractually determined."

As a transitive verb, cease means "to bring an activity or action to an end: discontinue." Webster's Ninth New Collegiate Dictionary 218 (1989). The trial court gave the word a precise meaning based on the subject "she" and the direct object "employment." The syntax indicates the verb is being used transitively, with Dr. Suppes as the only subject. The noncompetition clause

therefore would operate only in the event that Dr. Suppes were the agent bringing about the end of employment. Applying the Webster's definition, the contract would read: "The doctor agrees that should she bring her employment to an end." The trial court reasoned that this situation is different from "should either party cease employment" or "should her employment cease." This may be a narrower interpretation than the parties intended, but the intent expressed in the written agreement, not the actual intent, controls. See *Boos v. National Fed'n of State High School Ass'ns*, 20 Kan. App. 2d 517, 525, 889 P.2d 797 (1995).

We note this is a logical interpretation. It provides that if Dr. Suppes ends the relationship, she may not continue to practice in the area. If she does not end the relationship, she is not compelled to practice elsewhere.

A narrow reading of the syntax is appropriate in this case. "[N]oncompetition covenants included in employment contracts are strictly construed against the employer. [Citations omitted.]" *Weber v. Tillman*, 259 Kan. 457, 462, 913 P.2d 84 (1996).

General Surgery contends *Weber* controls the present case. In *Weber*, a restrictive covenant was upheld against a physician who left an employment relationship with another physician. That covenant read: " 'While you are an employee, and for a period of two (2) years after your employment ends (for any reason), you will not render any medical services . . . within a thirty (30) mile radius . . . of the practice.' " 259 Kan. at 459.

Although the language in the two covenants is similar, the differences are critical. The *Weber* covenant clearly applied neutrally to *any* end of employment, without regard to who initiated the termination, while the covenant in the present case appears to apply only when the employee terminates the employment relationship.

The parties offer conflicting parol evidence on the extent of Dr. Suppes' practice in Lawrence and the legitimacy of the business interests involved. It is not necessary to address these issues, because we find no breach.

Affirmed.