(135 P.3d 169)

No. 93,559

MICHAEL LEE HALEY, A MINOR, BY AND THROUGH KASEY HALEY
AND RICK HALEY, HIS PARENTS, NATURAL GUARDIANS, AND
NEXT FRIENDS; AND KASEY HALEY AND RICK HALEY,
INDIVIDUALLY, *Appellees*, v. MICHAEL P. BROWN, M.D., *et al.*,
*Appellants*.

Opinion
filed May 26, 2006.

*Wayne T. Stratton* and *Nathan D. Leadstrom*, of Goodell, Stratton, Edmonds
& Palmer, L.L.P., of Topeka, and *Eldon L. Boisseau* and *Al Herman*, of Klenda,
Mitchell, Austerman & Zuercher, L.L.C., of Wichita, for appellant Michael P.
Brown, M.D.

*Tim J. Moore, Jeffery L. Carmichael,* and *Cameron V. Michaud,* of Morris,
Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellees.

Before HILL, P.J., JOHNSON, J., and BUKATY, S.J.

JOHNSON, J.: Michael P. Brown, M.D., appeals the district
court's determination that interest is statutorily required on de-
ferred settlement payments which will be paid by the Health Care
Stabilization Fund (Fund), even though the parties' settlement
agreement did not provide for interest on the deferred install-
ments. Finding that the district court erred in ordering that future
settlement payments were to bear interest at the judgment rate,
we reverse.

The record on appeal is sketchy, hindering our verification of the parties' factual contentions. A petition in the record confirms that the plaintiffs, collectively referred to herein as the Haleys, sued Dr. Brown and others for medical malpractice. Correspondence in the record indicates that the Haleys reached a settlement agreement with Dr. Brown. A journal entry dismissing Dr. Brown from the lawsuit with prejudice recites that the court approved the settlement agreement between the plaintiffs and Dr. Brown after finding it to be valid, just, and equitable. The order clarifies that the agreement is confidential, precluding any person from disclosing the amount of settlement. The parties have not included the settlement agreement documentation in the appellate record. Likewise, the record does not contain any hearing transcripts, except for a partial transcript attached to the journal entry ordering inclusion of interest on future settlement payments.

The dismissal journal entry recites that the matter came before the district court on May 3, 2004, upon a joint motion to dismiss Dr. Brown from the case with prejudice. The claims against the remaining defendants proceeded to trial, apparently the following day. The appearance docket indicates that the jury rendered a verdict for the remaining defendants and that the Haleys appealed that judgment. That separate appeal is pending before this court in Case No. 93,148.

On August 23, 2004, the Haleys filed a motion for inclusion of interest, reciting that the attorneys for the plaintiffs and Dr. Brown had settled for a confidential amount but that "[t]he settlement agreement does not mention whether or not interest will be paid on the lump sum payments that will be paid in 2005 and 2006." The motion argued that K.S.A. 2005 Supp. 40-3403(d) required that the Fund pay interest on the future installments.

At a September 3, 2004, hearing, the district court apparently first considered the settlement of the journal entry of the May 3 dismissal hearing, albeit we do not have the full transcript of that portion of the September 3 proceedings. The dismissal journal entry is file-stamped September 3, 2004. The court then proceeded to hear the plaintiff's motion to include interest, but before doing

so it announced: "The settlement does call for two payments to be made in the year[s] 2005 and 2006."

The district court granted plaintiffs' motion, and its order, filed October 29, 2004, simply attached and incorporated the hearing transcript as the court's findings. In making its pronouncement from the bench, the district court touched on several aspects of the issue, but apparently based its decision upon its interpretation of K.S.A. 2005 Supp. 40-3403(d). Perhaps the basis for the ruling can best be summarized by the following statement:

"I'm saying a judgment is a settlement. And if not, it would deny the Haleys the equal protection of the laws. So by implication, or by express decree of the court, the settlement of this case, with periodic payments, are to be made in the future pursuant to the mandates of the statute. The settlement will bear interest at the judgment rate."

Dr. Brown appeals, raising two issues. First, whether K.S.A. 2005 Supp. 40-3403(d) requires that interest be added to deferred settlement payments which are paid by the Fund. Second, whether K.S.A. 2005 Supp. 40-3403(d) would violate the Equal Protection Clause of the Kansas Constitution if it does not require interest on the Fund's deferred installments of settlements, while requiring interest on deferred installments of judgments.

## PROCEDURAL CONCERNS

Curiously, Dr. Brown's appeal does not question the authority by which the district court could make an after-the-fact ruling that interest is due on the settlement agreement's deferred installments. Prior to filing its October 29, 2004, order mandating interest, the district court had already approved the parties' settlement agreement and had dismissed Dr. Brown from the lawsuit with prejudice. The Fund did not intervene in the action and to this day is not a party to the lawsuit. Indeed, at oral argument, the two attorneys representing Dr. Brown presented conflicting positions: one urging this court to reach the merits of the appeal while the other was quite comfortable with a reversal based upon the absence of jurisdiction.

Dr. Brown contends that the motion for inclusion of interest was filed after the parties signed the settlement agreement but before

the district court approved the settlement. The record does not establish when the agreement was signed. However, the journal entry approving the settlement agreement was filed on the same date that the court heard the motion on interest. When a settlement involves the Fund, it is considered a proposed settlement until the court approves it. See *Hudgens v. CNA/Continental Cas. Co.*, 252 Kan. 478, 484, 845 P.2d 694 (1993). Nevertheless, the journal entry approving the settlement and dismissing Dr. Brown was filed before the order mandating interest.

We perceive that to reach the merits of this appeal, we must liberally construe the Haleys' motion for inclusion of interest as a petition for declaratory judgment which survived Dr. Brown's dismissal on the medical malpractice claims. We are reluctant to endorse such a procedural anomaly. On the other hand, the parties have fully participated in the procedure as initiated and prosecuted, both on appeal and below. Therefore, we will consider any procedural deficiencies to have been waived by the parties.

## INTERPRETATION OF K.S.A. 2005 SUPP. 40-3403

Dr. Brown makes the argument that a settlement is a contract and that when a contract is silent on an issue, the logical conclusion is that the contract imposes no obligation with respect to that issue. See *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 324, 961 P.2d 1213 (1998); and *Boos v. National Fed'n of State High School Ass'ns*, 20 Kan. App. 2d 517, 523-24, 889 P.2d 797 (1995). However, the Haleys pursued interest as a matter of law, pursuant to statute, rather than as a contractual obligation. Thus, our sole focus is on statutory interpretation.

Interpretation of a statute is a question of law; appellate review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

The statute presented for our interpretation is part of the Health Care Provider Insurance Act, K.S.A. 40-3401 *et seq.* (the Act). The Act was originally passed in 1976 to address a growing medical malpractice crisis. It requires all health care providers to carry professional malpractice insurance and to pay a surcharge to the Fund,

which in turn pays claims in excess of the malpractice insurance policy limits. See *State ex rel. Schneider v. Liggett*, 223 Kan. 610, 611, 576 P.2d 221 (1978). The Act was subsequently amended to limit the Fund's liability. *Todd v. Kelly*, 251 Kan. 512, 519, 837 P.2d 381 (1992). The specific Act provisions relevant to this appeal state:

"(c) Subject to subsections (d), (e), (f), (i), (k), (m), (n), (o), (p) and (q), the fund shall be liable to pay: (1) Any amount due from a judgment or settlement which is in excess of the basic coverage liability of all liable resident health care providers or resident self-insurers for any personal injury or death arising out of the rendering of or the failure to render professional services within or without this state;

. . . .

"(d) All amounts for which the fund is liable pursuant to subsection (c) shall be paid promptly and in full except that, if the amount for which the fund is liable is $300,000 or more, it shall be paid, by installment payments of $300,000 *or 10% of the amount of the judgment including interest thereon*, whichever is greater, per fiscal year, the first installment to be paid within 60 days after the fund becomes liable and each subsequent installment to be paid annually on the same date of the year the first installment was paid, until the claim has been paid in full. Any attorney fees payable from such installment shall be similarly prorated." (Emphasis added.) K.S.A. 2005 Supp. 40-3403(c), (d).

Both parties appear to read subsection (d) as requiring the Fund to pay interest on deferred installment payments when the Fund's liability arises from a judgment against the health care provider. They then proceed to explain why the statute should or should not be interpreted to require interest on deferred installment payments when the Fund's liability arises through a settlement agreement, rather than a judgment. Both parties proffer legislative history and argue public policy to support their respective positions.

" 'The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.' *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003)." *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005).

"Where the face of the statute leaves its construction uncertain, the court may look to the historical background of the enactment, the circumstances attending

its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. [Citation omitted.]" *Robinett v. The Haskell Co.*, 270 Kan. 95, 100-01, 12 P.3d 411 (2000).

We decline the parties' invitation to journey off into a review of the historical background of the Act, the circumstances attending the passage of each of its amendments, the public policy being served by the legislation, and the practical effect of their respective constructions. Legislative intent can be surmised from the language of the statute.

Quite simply, K.S.A. 2005 Supp. 40-3403(d) does not mandate the assessment of interest on either a judgment or a settlement. A judgment creditor's right to receive interest on unpaid portions of the judgment arises under K.S.A. 2005 Supp. 16-204. There is no corresponding statutory right to interest for a claimant enforcing his or her contractual rights under a settlement agreement; any interest claim must emanate from the settlement contract.

The disputed language, "or 10% of the amount of the judgment including interest thereon," was added to K.S.A. 40-3403(c) in 1983. L. 1983, ch. 160, sec. 1. The clear intent of the amendment was to increase the allowable annual Fund payment on high dollar judgments. At that time, a provision mandating interest on unpaid judgments had been in place for nearly a century. See L. 1889, ch. 164, sec. 4 (G.S. 1889, ¶ 3500). By referring to interest, the legislature was simply acknowledging the effect of 16-204, *i.e.*, judgments include interest.

Both parties read more into the plain statutory language than is there. The amendment was not intended to establish authority for the assessment of interest on judgments payable through the Fund, separate and distinct from the mandate of K.S.A. 2005 Supp. 16-204. The provision simply provides a formula for calculating the maximum annual payments which can be paid from the Fund. Accordingly, the legislature obviously did not intend to create an independent statutory right to receive interest on deferred settlement payments where the settlement contract makes no provision for such interest.

In short, we find that K.S.A. 2005 Supp. 40-3403(d) did not require the 2005 and 2006 installments under the settlement

agreement to bear interest at the judgment rate. The district court's ruling to the contrary was erroneous and that ruling is reversed.

## EQUAL PROTECTION

The Haleys' motion for inclusion of interest did not assert an equal protection argument. Nevertheless, the district court opined that if it did not interpret K.S.A. 2005 Supp. 40-3403(d) as mandating interest for deferred settlement payments, the statute would unconstitutionally differentiate between aggrieved persons who had obtained judgments and those that had settled their claims. The court noted that the time value of money was the same for both groups and that the law favors settlement. The district court did not, however, provide us with a traditional equal protection analysis, whereby one identifies the rights affected by the particular nature of the legislative classification, determines the appropriate level of scrutiny, and then finds whether the classification can withstand the applicable scrutiny. See *State v. Limon*, 280 Kan. 275, 284, 122 P.3d 22 (2005).

On appeal, the parties argue the constitutionality of K.S.A. 2005 Supp. 40-3403(d). We have unlimited review of that legal question. See *State v. Mueller*, 271 Kan. 897, 902, 27 P.3d 884 (2001).

Our task is simplified by our holding on the previous issue. "There must be a classification before the Equal Protection clause is violated." *Akins v. Hamblin*, 237 Kan. 742, 750, 703 P.2d 771 (1985). Because we have determined that K.S.A. 2005 Supp. 40-3403(d) does not create an independent right to receive interest from the Fund by either judgment creditors or settlement contract payees, that statute does not create a classification. Without creating a classification, the statute cannot violate equal protection.

If a classification exists, it emanates from K.S.A. 2005 Supp. 16-204 which mandates interest only on judgments. However, the constitutionality of that statute has not been questioned in this appeal. Therefore, we need not discuss the reasonable bases which would justify distinguishing a judgment from a settlement. See *Bonin v. Vannaman*, 261 Kan. 199, 214, 929 P.2d 754 (1996) (malpractice

legislation traditionally treated as economic regulation subject to the rational basis test).

Reversed.