**STATE OFFICE SYSTEMS, INC.,**
**Plaintiff-Appellee,**

v.

**OLIVETTI CORPORATION OF AMERICA, Defendant-Appellant.**

**No. 83–1998.**

United States Court of Appeals,
Tenth Circuit.

May 17, 1985.

R. Pete Smith and Mark S. Gunnison of McDowell, Rice & Smith, Chartered, Kansas City, Kan., for defendant-appellant.

Murray F. Hardesty of Hardesty & Puckett-Chartered, Topeka, Kan., for plaintiff-appellee.

Before McKAY, LOGAN and SEY-MOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.

The issue in this case is whether the trial court abused its discretion in denying appellant's motion for a new trial.

Appellee State Office Systems (SOS) was an agent-dealer for appellant Olivetti. In 1975, Olivetti introduced a new line of minicomputers called the A–5, which SOS purchased for resale. SOS brought this suit against Olivetti for breach of warranty, breach of contract, and fraud, alleging that the A–5 was defective. Olivetti counterclaimed for damages against SOS for the purchase price of some of the A–5's sold to SOS for which SOS had not fully paid. The jury returned a verdict in favor of Olivetti on the counterclaim and the fraud claim, and in favor of SOS on the breach of contract and express warranty claims in the sum of $280,000.

Olivetti moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial judge denied both motions. Olivetti appeals, claiming that the trial court committed prejudicial error in admitting Exhibit 360, a damage chart, and in submitting the issue of consequential damages to the jury. Olivetti also claims that a new trial should have been granted because of the excessiveness of the verdict.

### The Damage Exhibit

Appellant claims that the trial court committed prejudicial error in admitting appellee's Exhibit 360, a purported damage summary. Appellant claims that SOS failed to lay an adequate foundation for this exhibit, and that the figures in the chart are not supported by the evidence.

The determination of the admissibility of exhibits is committed to the discretion of the trial court, and should not be disturbed absent a clear abuse of that discretion. *Rosenberg v. Collins,* 624 F.2d 659, 665 (5th Cir.1980); *C & C Products, Inc. v. Fidelity & Deposit Co.,* 512 F.2d 1375, 1378 (5th Cir.1975). Exhibit 360 purports to be a summary of the damages suffered by SOS, including both actual damage and loss of future profits. As such, it is a combination of a summary of voluminous business records, admissible under Federal Rules of Evidence 1006 and 803(6), and a projection of future profits, admissible as opinion testimony under Rule 701 or 702. The court did not indicate the rule of evidence under which it admitted the summary, and the appellant did not request that it do so.

Rule 1006 clearly permits the use of a summary of voluminous business records. However, the summary is admissible only if all of the records from which it is drawn are otherwise admissible. *Ford Motor Co. v. Auto Supply Co., Inc.,* 661 F.2d 1171, 1175 (8th Cir.1981); *United States v. Johnson,* 594 F.2d 1253 (9th Cir. 1979), *cert. denied,* 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 376 (1979). There is evidence in the record to lay a foundation for the summary of actual losses as a compilation of business records admissible under Rule 1006. Mr. Springer, the president and treasurer of SOS, testified that he had helped prepare the summary, and that the figures represented a summary of information obtained from the company's business records. The district court did not abuse its discretion in determining that Mr. Springer's testimony satisfied the foundational requirement of proving that the summary of actual damages was based on business records otherwise admissible under Rule 803(6), the business records exception to the hearsay rule.

The projections of future lost profits contained in the summary are more troublesome. These projections are not legitimately admissible as summaries under Rule 1006, since they are interpretations of past data and projections of future events,

not a simple compilation of voluminous records. They are, however, admissible as opinion testimony. *See* Fed.R.Evid. 701, 702. The trial court did not expressly state the grounds on which it had admitted the portion of the summary related to future profits. However, given Mr. Springer's position as president and treasurer of the company, his lengthy experience in marketing and selling Olivetti computers in Kansas, and his personal knowledge of SOS operations, sales, and profits, he qualified as a witness able to render an opinion concerning SOS's lost future profits. *See Teen-Ed, Inc. v. Kimball International, Inc.,* 620 F.2d 399, 402–04 (3d Cir.1980). The trial court's decision to allow Mr. Springer to testify on this matter of opinion and the admission of his estimate of future profits cannot be reversed as an abuse of discretion.

■ While it would have been preferable to have the summary of business records displayed separately from the opinion as to future profits to avoid misleading of the jury, the appellant did not make this objection to the trial court. Rather, it objected solely to the lack of foundation for the exhibit and to the lack of support for the figures on the display. As discussed, we find that the trial court did not abuse its discretion in finding adequate foundation for the estimate of future profits. We find that, in light of the testimony and cross-examination, which made clear to the jury that the future profits were an opinion as to future profitability rather than something based on concrete business records, the admission of the evidence of lost profits as part of the damage summary rather than as a separate exhibit does not constitute an abuse of discretion on the part of the trial court.

■ Appellant objects to the damage exhibit, particularly the estimate of future profits, on the ground that the figures are not supported by the underlying evidence. It is within the discretion of the trial court to determine whether there is enough evidence to support the exhibit to justify letting it go to the jury. *Rosenberg,* 624 F.2d at 665. The record supports the trial court's conclusion in this regard. Clearly,

a summary of business records should not be admitted if it mischaracterizes or inaccurately reflects the documents it purports to summarize. However, appellant's objections as to lack of supporting evidence relate primarily to the section dealing with loss of profits which, as discussed, is not a summary of business records but, rather, opinion testimony. Thus, appellant's objections go more to the weight of the evidence than to its admissibility. The appellant had ample opportunity to cross-examine Mr. Springer about the basis for the figures, and introduced testimony from its own expert about calculations of what loss of future profits would be. The weight to be accorded appellee's figures was a question of fact properly left to the jury.

### Consequential Damages

Appellant claims the trial court committed reversible error in allowing the jury to consider and award consequential damages because SOS did not show lost future profits to a reasonable certainty and because it failed to mitigate its damages.

■ In Kansas, a plaintiff may recover lost profits resulting from breach of contract "when such profits are proved with reasonable certainty, and when they may reasonably be considered to have been within the contemplation of the parties." *Vickers v. Wichita State University,* 213 Kan. 614, 518 P.2d 512, 515 (1974); Kan. Stat.Ann. § 84–2–715 (1983). The burden of proving the extent of loss is on the buyer. Kan.Stat.Ann. § 84–2–715, comment 4 (1983). However, absolute certainty in proving loss of future profits is not required. *Vickers,* 518 P.2d at 517; *Stair v. Gaylord,* 232 Kan. 765, 659 P.2d 178, 185 (1983). The comments to the Kansas Uniform Commercial Code clearly state that "the section on liberal administration of remedies rejects any doctrine of certainty which requires almost mathematical precision in the proof of loss. Loss may be determined in any manner which is reasonable under the circumstances." Kan.Stat. Ann. § 84–2–715, comment 4 (1983).

The appellee provided evidence that it had developed a software program for use with the A–5 in grain elevator packages.

The appellee argues that, as a conservative estimate, it could have sold an additional 29 A–5's with this package. The lost profits claimed were the lost profit per machine multiplied times the number of lost sales. This evidence was sufficient to create a question of fact for the jury. Appellant had ample opportunity to rebut this testimony, and the fact that the jury awarded less than half of the requested damages is evidence that they were partially successful in doing so. Given the doctrine of liberal administration under the Kansas Uniform Commercial Code, we cannot find an abuse of discretion in allowing the question of consequential damages to go to the jury.

Appellant also claims that the jury should not have been allowed to award consequential damages because SOS failed to mitigate its damage. A buyer's failure to cover when cover is reasonably available will preclude recovery of consequential damages such as lost profit. *Panhandle Agri-Service, Inc. v. Becker*, 231 Kan. 291, 644 P.2d 413, 419 (1982); Kan.Stat.Ann. § 84–2–715(2)(a) (1983). Appellant argues that SOS could have mitigated its damage by replacing the A–5 printer with a printer manufactured by a different company, and by selling a different computer to the 29 grain elevator accounts that SOS claimed as lost sales. Appellee presented testimony that such mitigation was impossible because the drive shaft, not merely the printer, was malfunctioning, and because the software program that it had developed would not work on the alternative computer. The evidence was sufficient to create a question of fact for the jury as to whether SOS could have mitigated, and the jury was properly instructed that SOS could not recover damage that it could reasonably have prevented. We find no error in allowing the question to go to the jury.

### Excessiveness of the Verdict

Appellant's final argument is that the damages are so excessive that they must have been based on bias, passion or prejudice, and that the trial court therefore abused its discretion in refusing to order either a new trial or remittitur.

The fixing of damages is "peculiarly a function of the jury" and its determination will not be overturned unless it is "grossly excessive." *Rosen v. LTV Recreational Development, Inc.*, 569 F.2d 1117, 1123 (10th Cir.1978). The question of the excessiveness of the verdict is a matter addressed "to the sound discretion of the trial court, and we may not disturb his determination, unless a 'manifest abuse of discretion' be shown." *Edynak v. Atlantic Shipping, Inc. Cie. Chambon*, 562 F.2d 215, 226 (3d Cir.1977) (quoting *Wooley v. Great Atlantic & Pacific Tea Co.*, 281 F.2d 78, 80 (3d Cir.1960)).

The jury awarded $280,000 in damages, out of alleged damages of over $600,000. The verdict is not so grossly excessive as to warrant finding an abuse of discretion by the trial court in refusing to overturn the studied determination of the jury.

The decision of the trial court is in all respects affirmed.