UNITED STATES, Appellee

v.

Joseph M. REYNOSO, Sergeant
U.S. Marine Corps, Appellant

No. 07-0221

Crim. App. No. 200401465

United States Court of Appeals for the Armed Forces

Argued December 12, 2007

Decided April 25, 2008

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Lieutenant Brian D. Korn, JAGC, USN (argued);
Major Jeffrey S. Stephens, USMC.


For Appellee:  Lieutenant Derek D. Butler, JAGC, USN (argued);
Commander Paul C. LeBlanc, JAGC, USN (on brief); Major Kevin C.
Harris, USMC, and Lieutenant David H. Lee, JAGC, USN.



Military Judge:  J. G. Baker



**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Reynoso, No. 07-0221/MC

Judge BAKER delivered the opinion of the Court.

Appellant was tried by a general court-martial convened with members at Camp Foster, Okinawa, Japan. Contrary to his pleas, he was found guilty of making false official statements, wrongful use of marijuana, larceny, and making a false claim, all in violation of Articles 107, 112a, 121, 132, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 912a, 921, 932 (2000). The court members sentenced Appellant to confinement for three years, a dishonorable discharge, reduction to the lowest enlisted grade, and payment of a fine of $28,000, with an additional period of confinement if the fine was not paid. The convening authority approved the adjudged sentence, but suspended the amount of the fine in excess of $18,000, and disapproved the contingent confinement. The findings and the sentence, as approved by the convening authority, were affirmed by the United States Navy-Marine Corps Court of Criminal Appeals. United States v. Reynoso, No. NMCCA 200401465 (N-M. Ct. Crim. App. July 26, 2005). This Court granted review of the following questions:

DID A DEFENSE OBJECTION OF "LACK OF FOUNDATION" TO A SUMMARY DOCUMENT MOVED INTO EVIDENCE UNDER M.R.E. 1006 EITHER INCLUDE OR PRESERVE AN OBJECTION TO THE ADMISSIBILITY OF THE UNDERLYING EVIDENCE UPON WHICH THE SUMMARY WAS BASED?

WAS THE EVIDENCE UPON WHICH THE M.R.E. 1006 SUMMARY WAS BASED ADMISSIBLE AS AN EXCEPTION TO HEARSAY AND PROFFERED BY A COMPETENT WITNESS?

2

Based on the reasoning below, we find that Appellant failed to preserve any error with respect to Military Rule of Evidence (M.R.E.) 1006, and that the subsequent admission of the evidence at issue in this case was not plain error.

I.

Appellant, while stationed in Okinawa, Japan, completed a dependency application form (NAVMC 10922) that indicated that he had recently married, and that his wife lived in San Francisco, California. Based on the information that Appellant provided in the application, he received a basic allowance for housing (BAH) based on the rate established for dependents residing in the San Francisco region. However, testimony at trial established that during the relevant period, Mrs. Reynoso actually lived in Virginia Beach, Virginia, a fact known to Appellant.

The Government called Chief Warrant Officer 2 (CWO2) John Ruiz who was accepted on the record as an expert on personnel administration matters. During the course of CWO2 Ruiz's testimony, the Government moved into evidence Prosecution Exhibit 6 (PE 6), a chart that CWO2 Ruiz had helped formulate demonstrating the difference in BAH rates and the cost of living allowances (COLA) for San Francisco and Virginia Beach. The chart had been compiled using information drawn from the Defense Finance and Accounting Service (DFAS) website and Appellant's

leave and earning statements. Prior to offering the exhibit, trial counsel's questions to the witness were as follows:

Q. Did you help formulate what was on that document?
A. Yes, I did.

Q. Is it a fair and accurate depiction of what the accused actually drew?
A. Yes. During those times, yes, sir.

Q. Is it a fair and accurate depiction of what he would have rated if his wife lives [sic] in Virginia?
A. Yes, sir.

Q. Would using this diagram help you to explain your testimony to the members and to this court?
A. I think it would, sir. It would actually just give it an actual hard number of the difference in entitlements.

At this point, defense counsel objected to the admission of PE 6, stating the grounds to be "foundation." Defense counsel then conducted voir dire of CWO2 Ruiz, asking him, inter alia, whether he had personally verified the information on PE 6 to which CWO2 Ruiz stated that he had not. The court then recessed for twelve minutes, after which trial counsel questioned CWO2 Ruiz about matters raised during defense counsel's voir dire. He established that, while CWO2 Ruiz had not verified the COLA and BAH rates for each month, he had checked the entitlement amounts at points where they were likely to change. CWO2 Ruiz also described how he obtained the information from the DFAS website and Appellant's leave and earnings statements. The Government again moved the exhibit into evidence, and defense counsel renewed his objection on the grounds of foundation. The

4

military judge overruled the objection, and the exhibit was admitted.

The United States Navy-Marine Corps Court of Criminal Appeals affirmed Appellant's conviction on an appeal submitted without assignment of error. On appeal to this Court, Appellant argues that PE 6 was inadmissible because it was a summary of the source documents on the DFAS website, and the Government did not lay a proper foundation under M.R.E. 1006 to admit the summary. Further, Appellant argues that the information contained on the DFAS website, from which CWO2 Ruiz derived PE 6, constituted hearsay, and was thus inadmissible under M.R.E. 802.

## II.

The threshold question in this case is whether Appellant's objection on foundational grounds preserved the issues he now advances on appeal. M.R.E. 103(a)(1) states that in order to preserve an objection when "the ruling is one admitting evidence" the objecting party must make "a timely objection or motion to strike . . . in the record, stating the specific ground of objection, if the specific ground was not apparent from the context." In United States v. Datz, 61 M.J. 37, 42 (C.A.A.F. 2005), this Court stated that "[o]n its face, M.R.E. 103 does not require the moving party to present every argument in support of an objection, but does require argument sufficient

5

to make the military judge aware of the specific ground for objection."  In short, M.R.E. 103 should be applied in a practical rather than a formulaic manner.

With this backdrop, it is not clear from the record that Appellant's "[o]bjection on foundation," taken in context, was sufficient to make the military judge aware of the issues he is now raising before this Court.  At trial, defense counsel's voir dire appeared designed to suggest that CWO2 Ruiz was not in a position to know whether the figures he relied on were accurate.[1] Therefore, it is not clear that the objection was intended to challenge the hearsay nature of the underlying figures.  Given the numerous bases on which a foundational objection might be lodged, some further indication of defense counsel's specific concern was necessary.

As a result, this case is distinguished from Datz, where the defense counsel initially objected on relevancy grounds to testimony about the defendant nodding in response to questioning, only later to argue that the head nod was not an

---

[1] For example, the record contains the following exchange:

Q:  What about the next number . . . did you verify that one?
A:  I didn't audit this for -- to say that it's all correct. . . .

Q:  So you really don't know if this is correct or not?
A:  No.

adoptive admission under M.R.E. 802(d)(2).  61 M.J. at 41-42.
Thus, although defense counsel in Datz cited one rule as the
basis of the defendant's objection, the subsequent discussion
clearly established the grounds on which the subsequent
challenge on appeal was based.  Therefore, we are hard pressed
to hold that, in this case, the mere utterance, "Objection on
foundation," preserved any issue under M.R.E. 1006 regarding the
document itself or any hearsay issue regarding the underlying
evidence upon which the document was based.  This is the very
reason for the specificity requirement under M.R.E. 103(a)(1).

                              III.

     Having determined that Appellant forfeited the claim of
error he now asserts, we review the admission of PE 6 for plain
error.  See M.R.E. 103(d); United States v. Moran, 65 M.J. 178,
181 (C.A.A.F. 2007).

     Although no specific rule of admissibility was cited at
trial, the Government argues that PE 6 was properly admitted as
a summary under M.R.E. 1006.  M.R.E. 1006 states:

> The contents of voluminous writings, recordings, or
> photographs which cannot conveniently be examined in court
> may be presented in the form of a chart, summary, or
> calculation.  The originals, or duplicates, shall be made
> available for examination or copying, or both, by other
> parties at reasonable time and place.  The military judge
> may order that they be produced in court.

The Drafters' Analysis of M.R.E. 1006 notes that it was adopted
from Fed. R. Evid. 1006 "without change."  Manual for Courts-

Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-60 (2005 ed.) [hereinafter Drafters' Analysis]. It is therefore appropriate to consider the admissibility of such summaries under the analysis used by the civilian federal courts. In federal civilian practice, summary evidence is admissible under Fed. R. Evid. 1006 only if the underlying materials upon which the summary is based are admissible. See AMPAT/Midwest, Inc. v. Illinois Tool Works, Inc., 896 F.2d 1035, 1045 (7th Cir. 1990); United States v. Meyers, 847 F.2d 1408, 1412 (9th Cir. 1988); State Office Systems, Inc. v. Olivetti Corp. of Am., 762 F.2d 843, 845 (10th Cir. 1985); Hackett v. Housing Auth., 750 F.2d 1308, 1312 (5th Cir. 1985); Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1259 (9th Cir. 1984); United States v. Johnson, 594 F.2d 1253, 1255-57 (9th Cir. 1979). However, civilian practice permits an exception to this rule. See, e.g., Olivetti Corp. of Am., 762 F.2d at 845-46 (summary of lost profits admissible as opinion evidence of qualified expert witness). Military practice permits an exception as well, as indicated in the Drafters' Analysis to the rule. Specifically, "It is possible for a summary that is admissible under Rule 1006 to include information that would not itself be admissible if that information is reasonably relied upon by an expert preparing the summary." Drafters' Analysis at A22-60.

In the present case, CWO2 Ruiz was already qualified as an expert in personnel administration and had stated that he had relied on the DFAS website to compile the information. Thus, under M.R.E. 1006, PE 6 might have been admitted under this expert witness exception because the figures CWO2 Ruiz used were "reasonably relied upon by an expert preparing the summary." Furthermore, had there been an objection specific to M.R.E. 1006, the parties could have litigated before the military judge the fairly detailed foundation for the admissibility of such evidence.[2] Therefore, since PE 6 was not clearly inadmissible, in the absence of a more specific objection and some indication on the record that the foundational elements of M.R.E. 1006 were not met, there was no plain error in admitting it.

DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

[2] For instance, the proponent might or might not have been able to show: the originals or duplicates of the originals would be admissible; the originals or duplicates were too numerous or too voluminous to be conveniently introduced during trial; the relevant fact was a summary of the record's contents; the opponent was granted access to the originals or duplicates for inspection; or, the witness personally reviewed all the records or was a member of a team of experts who reviewed the records. Edward J. Imwinkelried, Evidentiary Foundations § 8.08[7] (6th ed. 2005).