# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39445**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Andrew E. PALMER**
Captain (O-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 June 2019

————————————

*Military Judge:* L. Martin Powell.

*Approved sentence:* Dismissal, confinement for 21 days, and forfeiture of $2,500.00 pay per month for 4 months. Sentence adjudged 23 January 2018 by GCM convened at Joint Base Charleston, South Carolina.

*For Appellant:* Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Amanda L.K. Linares, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, LEWIS, and SCHAG, *Appellate Military Judges.*

Judge SCHAG delivered the opinion of the court, in which Senior Judge JOHNSON and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SCHAG, Judge:

Appellant pleaded guilty, pursuant to a pretrial agreement (PTA), to one charge and two specifications of wrongful use of a controlled substance (cocaine and marijuana) in violation of Article 112a, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 912a.[1] The military judge sitting alone sentenced Appellant to a dismissal, confinement for 35 days, and forfeiture of $2,500.00 pay per month for four months. Consistent with the terms of the PTA, the convening authority approved the sentence as adjudged, except that the term of confinement was reduced to 21 days.

Appellant raises on appeal the issue of whether his Fifth Amendment[2] rights were violated when the Government admitted the letter of reprimand he received for failing to notify his command about his previous reckless driving conviction. We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

Preferral of the charge in this case occurred on 27 April 2017. The Air Force Office of Special Investigations conducted a records check on Appellant. In mid-May 2017, the check uncovered action taken against Appellant in 2013 by a Georgia criminal court based on a charge of reckless driving arising from an arrest for driving under the influence. Referral of the charge occurred on 8 June 2017. A day later, on 9 June 2017, Appellant's commander issued a letter of reprimand (LOR) addressing the underlying conduct from the 2013 arrest, as well as Appellant's failure to notify his command of the conduct and the resulting civilian conviction.

At trial, the Defense objected to the LOR on the basis of improper purpose, but the Defense did not assert the Fifth Amendment privilege against self-incrimination as a basis for the objection. The Defense argued that a LOR is a management tool used for rehabilitation or, put another way, for improvement, correction, and instruction of subordinates. Instead, in this case, the Defense asserted, the Government created and offered the LOR for no rehabilitative purpose but rather only for aggravation in sentencing. Appellant's commander issued an affidavit stating that he issued the LOR with advice from the staff judge advocate because he believed the subject matter needed to be addressed consistent with his experience as a commander and for the purpose of rehabilitation. The military judge at trial admitted the LOR over objection.

---

[1] All references in this opinion to the Uniform Code of Military Justice, Rules for Courts-Martial, and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2016 ed.), pts. II, III.

[2] U.S. CONST. amend. V.

## II. LAW

Issues of constitutionality and the interpretation of a service instruction are subject to the *de novo* standard of review. *United States v. Serianne*, 69 M.J. 8, 10 (C.A.A.F. 2010) (citation omitted). In general, this court reviews a military trial judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008) (citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)). "An abuse of discretion occurs when the trial court's findings of fact are clearly erroneous or if the court's decision is influenced by an erroneous view of the law." *Id.* (citation omitted).

"When an appellant does not raise an objection to the admission of evidence at trial, we first must determine whether the appellant waived or forfeited the objection." *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (citation omitted). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). We review forfeited issues for plain error, whereas "a valid waiver leaves no error to correct on appeal." *Id.* (citations omitted). "Under a plain error analysis, the accused has the burden of demonstrating that (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Payne*, 73 M.J. 19, 23 (C.A.A.F. 2014) (internal quotation marks omitted) (quoting *United States v. Tunstall*, 72 M.J. 191, 193–94 (C.A.A.F. 2013)). Where a plain or obvious error is of a constitutional dimension, the test for material prejudice is whether the error is harmless beyond a reasonable doubt. *See United States v. Jerkins*, 77 M.J. 225, 229 (C.A.A.F. 2018) (citation omitted); *United States v. Tanner*, 63 M.J. 445, 449 (C.A.A.F. 2006).

Under Rule for Courts-Martial (R.C.M.) 1001(b)(2), "evidence of any disciplinary actions" are potentially admissible at sentencing. "If the accused objects to a particular document . . . as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge." *Id.*; *see also* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 7.18 (8 Dec. 2017) (addressing the admissibility of a LOR). "Objections not asserted are waived." R.C.M. 1001(b)(2)*; see also* Mil. R. Evid. 103(a)(1) (requiring a timely objection and the specific ground for it). When making an objection, it is not necessarily imperative "to present every argument in support of an objection, but [the rules do] require argument sufficient to make the military judge aware of the specific ground for objection." *United States v. Reynoso*, 66 M.J. 208, 210 (C.A.A.F. 2008) (quoting *United States v. Datz*, 61 M.J. 37, 42 (C.A.A.F. 2005)). Whether an accused has waived or merely forfeited

an issue is a question of law we review de novo. *Ahern*, 76 M.J. 194 at 197 (citing *United States v. Rosenthal,* 62 M.J. 261, 262 (C.A.A.F. 2005)).

Departmental regulation outlines the authority for and purpose of LORs. "Commanders . . . can issue administrative . . . reprimands. These actions are intended to improve, correct, and instruct subordinates who depart from standards of performance, conduct, bearing, and integrity, on or off duty, and whose actions degrade the individual and unit's mission." AFI 36-2907, *Unfavorable Information File (UIF) Program*, ¶ 4.1 (26 Nov. 2014). The departmental regulation that calls for self-reporting of a civilian criminal conviction is AFI 1-1, *Air Force Standards* (7 Aug. 2012, Incorporating Change 1, 12 Nov. 2014). It provides, "If you are above the pay grade of E-6, on active duty . . . and are convicted of any violation of criminal law, you must report, in writing, the conviction to your first-line military supervisor within 15 days of the date of conviction." AFI 1-1, ¶ 2.10.

The Fifth Amendment protects a person from being "compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. Compelled statements that are "testimonial or communicative" are prohibited. *Schmerber v. California*, 384 U.S. 757, 761 (1966). The UCMJ offers additional protection pursuant to Article 31, which states, "No person subject to this chapter may compel any person to incriminate himself . . . ." Article 31(a), UCMJ, 10 U.S.C. § 831(a).

### III. ANALYSIS

The gravamen of Appellant's contention at trial of improper purpose was that the commander issuing the LOR had no intention to rehabilitate him, but rather devised the LOR with the aim of creating additional sentencing evidence for the purpose of enhancing punishment at trial. The Defense theorized that the issuance of the LOR was not consistent with regulatory intent for use of an LOR as a management tool and argued that the timing of the LOR—one day after referral—supported their improper purpose argument. The Defense also suggested improper purpose as the LOR was issued in an environment where conviction of drug-related offenses was foreseeable, and mandatory administrative discharge proceedings would necessarily follow a conviction. Notably, the Defense's objection focused on the reason for issuing the LOR, not the inherent validity of the LOR for redressing the underlying conduct.

At trial, there was no mention of the Fifth Amendment as a basis for objection. However, on appeal, Appellant relies on *United States v. Castillo* to argue the Air Force's self-reporting regulation is improper because it does not contain safeguards comparable to the Navy's self-reporting regulation. *See Castillo*, 74 M.J. 160, 166 (C.A.A.F. 2015) (discussing Officeof the Chief of Naval Operations

Instruction (OPNAVINST) 3120.32C, which prohibits disciplinary action for the failure to self-report and for the underlying offense unless such action is based solely on evidence derived independently of the self-report). Appellant argues for Fifth Amendment protection because the Air Force's regulation is punitive, citing to *Serianne*, 69 M.J. at 11, which affirmed a military judge's decision to dismiss an Article 92 dereliction of duty charge based on a rationale of inconsistency with "superior competent authority." However, in *Serianne* the court notably declined to reach the constitutional question under the Fifth Amendment as it applied to the reporting regulation at issue. Like at trial, Appellant continues to assert the LOR was issued for an improper purpose, that is, to increase court-martial punishment, but Appellant now links that argument to a Fifth Amendment violation.

The arguments underpinning a supposed Fifth Amendment violation connected to this LOR are quite different from arguments supporting an objection that asserts the issuing commander did not have a lawful purpose in mind in accordance with the departmental regulation. Unlike in *Serianne*, 69 M.J. at 11, Appellant was not charged with a criminal offense at the court-martial based on a duty to report. As such, it is important to observe that in this case there is no compulsory statement given by Appellant at issue with regard to his civilian conviction that also underpins the charge at court-martial. Therefore, we do not address here the question of the self-reporting regulation's constitutionality in the context of a charged offense. Rather, the LOR's admissibility as a sentencing phase exhibit is at issue here, and as mentioned, the validity of the LOR itself as being based on a departmental regulation that unconstitutionally calls for a self-report was not challenged at trial. The timing of the LOR's issuance alone is insufficient to demonstrate an improper purpose or a violation that reaches a constitutional dimension. Accordingly, we find the military judge did not abuse his discretion in admitting the LOR over the Defense's objection that the LOR was created for an improper purpose. In addition, assuming Appellant forfeited and did not waive the issue at trial, *see Ahern*, 76 M.J. at 197, under the circumstances, we find there was no plain or obvious error with respect to violation of Appellant's Fifth Amendment rights.

Even if there had been an error, plain or otherwise, we are convinced that any error in this instance was harmless beyond a reasonable doubt and would not have contributed to the sentence. *See Jerkins*, 77 M.J. at 229.

## IV. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court